Isaac Cook, appellant, *vs.* Cynthia Thayer, appellee.

*Appeal from Cook County Court of Common Pleas.*

A chattel mortgage, duly acknowledged and recorded, containing a provision that the property mortgaged may continue in the possession of the mortgagor, will, if made in good faith, to secure an honest debt, be good and valid against creditors and purchasers, for the space of two years after the same shall have been recorded, whether the debt it is designed to secure then becomes due or not. After that time, it ceases to be valid against creditors and purchasers, unless the possession of the property is transferred to the mortgagee.
The same effect must be given to the finding of a Court as to the verdict of a jury.

This was an action of replevin, brought by the appellee in the Court of Common Pleas for Cook county, to recover certain chattels, which had been levied upon by the appellant, who was sheriff of Cook county, as being the chattels of one Allen Porter, by virtue of a certain execution, issued out of said Court. The appellant filed several pleas, denying the taking, and averring property in himself, property in Allen Porter, and an avowry, setting out the execution, &c. Issues were joined, proofs taken, and the cause was submitted to the Court, Spring, Judge, presiding, for trial, at the May term, 1849. The issues were found for the plaintiff, and one cent damages were assessed. The defendant below brought the case to this Court, by appeal.

78

J. Y. Scammon and G. Manniere, for appellant.

Skinner & Hoyne, for appellee.

Opinion by Treat, C. J.:

It is declared by statute, that "any mortgage of personal property, so certified, shall be admitted to record by the recorder of the county in which the mortgagor shall reside at the time when the same is made, acknowledged and recorded; and shall, thereupon, if *bona fide*, be good and valid, from the time it is so recorded for a space of time not exceeding two years, notwithstanding the property mortgaged or conveyed by deed of trust, may be left in possession of the mortgagor; *Provided*, that such conveyance shall provide for the possession of the property so to remain with the mortgagor." R. S., ch. 20, sec. 3.

The mortgage in question contained a clause that the goods might remain in the possession of the mortgagor, and it was acknowledged and recorded long before the levy was made. But, it is insisted, that the provision authorizing the mortgagor to retain the possession, until default should be made in the payment of the note, which had three years to run, from the date of the mortgage, rendered the mortgage fraudulent and void in law. We think otherwise. The true meaning of the statute is, that a mortgage on personal property, duly acknowledged and recorded, and containing a provision that the property may continue in the possession of the mortgagor, shall, if made in good faith and to secure an honest debt, be good and valid against creditors and purchasers, for the space of two years, after the same is recorded; and not that a mortgage, which has a longer period to run, is without the protection of the statute altogether. It continues valid and operative for two years, whether the debt, which it is designed to secure, then becomes due or not. At the expiration of the two years, it ceases to be valid, as against creditors and purchasers, unless the possession of the property is transferred to the mortgagee.

The mortgagee was, therefore, entitled to recover, unless the mortgage was in fact fraudulent. We are not prepared to decide that it was successfully impeached. Two witnesses, familiar with the dealings of the parties, testified that the mortgagor was justly indebted to the mortgagee in the full amount of the note,

and that the mortgage was made in good faith, to secure the payment thereof. Although there are some circumstances in the case, which may tend strongly to show that the mortgagor was acting in bad faith towards his creditors, generally, there is nothing, calculated to impeach the fairness of this transaction. At all events, we cannot say that the Circuit Court manifestly erred in holding, from all the evidence, that the mortgage was not made for the purpose and with the design of hindering and delaying creditors in the collection of their debts. The same effect must be given to the finding of a Court as to the verdict of a jury.

Nor did the Court err in excluding the testimony offered by the appellant. It related to transactions between the witness and the Porters, with which the appellee had no connection. It by no means followed, because the mortgagor and his brother had combined to defraud the creditors of the former, that this mortgage was executed to a third person, with a fraudulent design.

The judgment of the Circuit Court is affirmed, with costs.

*Judgment affirmed.*