JAMES S. EVERTS *et al.* Admrs.

*v.*

A. B. LAWTHER.

*Filed at Ottawa January 19, 1897—Rehearing denied March 9, 1897.*

1. APPEALS AND ERRORS—*reversal without remanding does not infringe right of trial by jury.* The reversal of a cause upon the facts by the Appellate Court, without remanding, is not an infringement of the constitutional right of trial by jury, particularly where that right was waived below and a trial had before the court alone.

2. SAME—*correctness of the law applied by Appellate Court is reviewable by Supreme Court.* Whether facts exist which, under correct rules of law, would fix the rights of the parties, is a question upon which the finding of the Appellate Court is conclusive in suits at law, but whether that court applied correct rules of law to the facts so found is a reviewable question.

3. PRINCIPAL AND AGENT—*agent's powers are limited to the scope of his agency.* A general agent for the loaning, collecting and re-loaning of money does not have, as incidental to his employment, power to substitute himself as creditor in the place of his principal.

4. SAME—*debt to a principal is not discharged by giving note payable to his agent.* The unauthorized acceptance of a note payable to himself by an agent employed to loan and collect money, in satisfaction of a debt due to his principal, does not discharge the debtor from liability, in the absence of ratification.

*Lawther* v. *Everts*, 63 Ill. App. 432, affirmed.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. S. TUTHILL, Judge, presiding.

GEORGE W. HALL, for plaintiffs in error:

Inasmuch as the entire merits of this case turn upon the question of the scope of an agent's authority, and is therefore a mixed question of law and fact, the entire record and evidence are before this court for consideration. Story on Agency, sec. 105; *Haines* v. *Publishing Co.* 20 Ill. App. 574; *Insurance Co.* v. *Beaver*, 26 id. 349; *Furniture Co.* v. *Chapman*, 54 id. 122; *Gregg* v. *Wooliscroft & Co.* 52 id. 221.

A general agent is one who is authorized to transact all of his principal's business, or all of his business of some special particular kind. *Furnace Co.* v. *Keystone Manf. Co.* 110 Ill. 427.

Power to act generally in a particular business, or a particular course of trade in a business, however limited, constitutes a general agency, if the agent is so held out to the world, however restricted his private instructions may be. *Crain* v. *Bank*, 114 Ill. 516.

Our present constitution (art. 2, sec. 5,) says: "The right of trial by jury as heretofore enjoyed shall remain inviolate." Section 2 of the same article says: "No person shall be deprived of life, liberty or property without due process of law." These sections, in effect, affirm the right of trial according to the process and proceedings of the common law. *Bullock* v. *Geomble*, 45 Ill. 222; *Rhinehart* v. *Schuyler*, 2 Gilm. 517; *Heacock* v. *Hosmer*, 109 Ill. 250; *Ward* v. *Farwell*, 97 id. 612; *Mascall* v. *Drainage Comrs.* 122 id. 625; Spooner on Trial by Jury, 125.

An agreement to waive a jury only binds the parties to the mode adopted, of trial by the court, to that one on trial. *Carthage* v. *Buckner*, 8 Ill. App. 154.

The power to collect and loan money as the agent deems best includes power to extend time of payment. *Hurd* v. *Marple*, 2 Ill. App. 402.

Where one of two innocent persons must suffer by the misconduct of a third person, that party shall suffer who, by his own acts and conduct, has enabled such third per-

son, by giving him credit, to practice a fraud or imposition upon the other party.  Story on Agency, secs. 56, 127.

MANN, HAYES & MILLER, for defendant in error:

The finding of the Appellate Court conclusively settles every question of fact, both principal and evidentiary, the character, force and effect of the testimony, and all inferences and deductions to be drawn from the evidence in the record.  Rev. Stat. chap. 110, secs. 88, 90; *Bridge Co.* v. *Highway Comrs.* 101 Ill. 518; *Stock Yards* v. *Ferry Co.* 102 id. 514; *Fitch* v. *Johnson*, 104 id. 111; *Powell* v. *McCord*, 121 id. 330; *Bank* v. *Bank*, 131 id. 547; *Alphin* v. *Working*, 132 id. 488; *Waldron* v. *Alexander*, 136 id. 550.

An assignment of error not noticed or argued in the brief of the party assigning the same will be considered as waived.  *Seaton* v. *Ruff*, 29 Ill. App. 235; *Railway Co.* v. *Van Vleck*, 40 id. 367; *McDaneld* v. *Logi*, 143 Ill. 487; *Railway Co.* v. *Stout*, 47 Ill. App. 546.

In appeals from or writs of error to the Appellate Court the Supreme Court simply reviews the rulings of the Appellate Court, and will not consider any question not raised in that court.  *Aurora* v. *Pennington*, 92 Ill. 564; *Hyslop* v. *Finch*, 99 id. 171; *Redlich* v. *Bauerlee*, 98 id. 134; *Thayer* v. *Peck*, 93 id. 357; *Bank* v. *LeMoyne*, 127 id. 253.

Where a jury has been waived and the cause submitted to the court, the Appellate Court may reverse the judgment of the trial court on a finding of facts, refuse to remand the case for another trial, and enter final judgment.  Starr & Curtis' Stat. chap. 110, secs. 81, 88; *Lumber Co.* v. *Bank*, 143 Ill. 490.

Where a reviewing court has the power to render the judgment which ought to have been rendered by the court below, it will do so, and not send the case back.  *Prince* v. *Lamb*, Breese, 378; *Wilmans* v. *Bank*, 1 Gilm. 667.

An agent or attorney authorized to collect negotiable paper for his principal or client cannot accept anything but money in payment, unless he has been expressly au-

thorized by his principal or client to receive something else. *Scott* v. *Gilkey,* 153 Ill. 168; *Robinson* v. *Anderson,* 106 Ind. 152; *Lochenmeyer* v. *Fogarty,* 112 Ill. 572; *Padfield* v. *Green,* 85 id. 529; *Graydon* v. *Patterson,* 13 Iowa, 256; *Drain* v. *Doggett,* 41 id. 682; *Kenny* v. *Hazeltine,* 6 Tenn. 62; *Sweeting* v. *Pearce,* 97 Eng. C. L. (7 C. B.) 448.

An agent, although authorized to receive payment in part, cannot, upon such payment or in consideration of it, extend the time of payment of the balance. Nor can he extend the time, without express authority, in any case. Mechem on Agency, sec. 378; *Austin* v. *Thorp,* 30 Iowa, 376.

An agent having authority to collect the debt cannot be supposed to have the right to take as payment the note of the debtor payable to himself, thus substituting himself as creditor in the room of his principal. *Robinson* v. *Anderson,* 106 Ind. 152.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Defendant in error filed his claim in the probate court of Cook county against the estate of Edward A. Everts, deceased, and upon the claim being disallowed appealed to the circuit court, where the case was again tried. The claimant was again unsuccessful, and the circuit court rendered judgment against him for costs.

At the trial in the circuit court the following facts were agreed upon: From 1887 until his death, on April 17, 1894, Charles W. Griggs was the Chicago agent of A. B. Lawther, the claimant, a resident of Syracuse, N.Y., and during said period Lawther sent to Griggs, at various times, sums of money aggregating a large amount, all of which he authorized Griggs to loan upon notes and other securities to be approved by said Griggs. During said period Griggs continued to handle and loan money for Lawther, and was authorized to collect the interest and principal of the notes and securities on which loans were made. Among other loans for Lawther he loaned

$2000 to Edward A. Everts, taking said Everts' note for the amount, dated October 28, 1892, payable to Lawther ninety days after date, with interest at seven per cent. When the note matured Everts paid to Griggs, in a check and cash, $1018.08,—half of the amount due,—and gave a new note for a like sum, payable in ninety days to the order of Griggs, who thereupon canceled the original note and delivered it to Everts. Griggs discounted the note at the Commercial National Bank, and received in cash for it $1000.67. At the maturity of the note so discounted, Everts paid it to the Commercial National Bank. There was also evidence introduced by the defendants consisting mainly of correspondence between Lawther and Griggs, and testimony as to the usual course of business of Griggs in conducting his agency.

An appeal was taken from the judgment of the circuit court, and the Appellate Court reversed it and entered judgment for $1248.19 and costs, to be paid in due course of administration. This judgment was based upon a finding of facts made a part of the judgment, as follows: "And the court now finds, that January 21, 1893, the appellees' intestate, Edward A. Everts, was indebted to the appellant in the sum of $1018, upon his, the said Everts', promissory note to the appellant, which became due that day, and bearing seven per cent interest, and that for that sum the said Everts gave to one Charles W. Griggs, who was the agent of appellant, his, the said Everts', promissory note, payable ninety days after date to Griggs himself, which note the said Everts afterwards paid to the said Griggs, who never paid the money to appellant; that the taking of such note to Griggs was without the knowledge, consent, authority or ratification of the appellant."

The merits of the case depend upon the scope of Charles W. Griggs' authority as the agent of defendant in error, and it is claimed by plaintiffs in error that, as a mixed question of law and fact, the entire record and

evidence are before this court for its consideration and determination, notwithstanding the finding of facts by the Appellate Court. It is a question of law what facts will operate to give an agent power to bind his principal in dealing with a third person, but the existence of such facts is a question for the jury. The decision, therefore, whether the act of Griggs in taking a note payable to himself in payment of an obligation due to his principal was or was not binding upon the principal, turns upon the existence or non-existence of facts which, under the rules of law, would confer power upon the agent. Upon such a question the jury receives the law which limits or controls the rights of the parties, from the court and applies them to the facts. Where a question of that kind has been passed on by the Appellate Court its decision as to the facts must be accepted as final, and this court has no right to review it. *St. Louis Stock Yards* v. *Wiggins Ferry Co.* 102 Ill. 514.

The question whether the Appellate Court, in rendering its judgment, applied correct principles of law to the facts found is a matter of law, and that question is still open in this court. The question to be considered here is, whether the above finding of facts justified the judgment entered. *Hawk* v. *Chicago, Burlington and Northern Railroad Co.* 147 Ill. 399; *Borg* v. *Chicago, Rock Island and Pacific Railway Co.* 162 id. 348.

An agent employed to collect a debt cannot, by virtue of his employment, merely, accept a note payable to himself in discharge of the debt, (*Scott* v. *Gilkey*, 153 Ill. 168,) and under the finding of facts there was neither express authority conferred upon Griggs, nor knowledge, consent or ratification of the act by his principal. It was found as a fact that Griggs was the agent of defendant in error, and it is contended that the above rule did not apply to his agency on account of the general character of such agency, which embraced loaning money for his principal, and collecting and managing the loans in whatever way

he deemed best. But even such an agent does not possess all the power and authority over the property of his principal which such principal possesses and may exercise. The powers of the agent are limited to the general scope of the business entrusted to him, and a general agent for the purpose of loaning and collecting money and re-loaning does not have, as incidental to that employment, a right to substitute himself as the creditor. Such an act is certainly not within the scope of the authority confided to a general agent for the purpose stated.

The act of Griggs being without the knowledge or consent of his principal, there could be no ground for the claim that he had misled Everts in dealing with the agent. Everts was bound to know the law in that regard, and must be considered as having trusted to the good faith of Griggs that he would pay the money to the defendant in error, rather than to have supposed that his note made to Griggs was an actual payment to the defendant in error. The judgment of the Appellate Court was a necessary consequence of the facts found.

Complaint is also made because the Appellate Court entered final judgment and did not remand the case to the circuit court for a new trial. It is argued that plaintiffs in error were thereby deprived of their constitutional right to a trial by jury. They were not deprived of that right, for the reason that they waived it and submitted the case to the court for trial. In such a case the Appellate Court may give final judgment, if the law applied to the facts found authorizes such a judgment. *Manistee Lumber Co.* v. *Union Nat. Bank*, 143 Ill. 490.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*