## Spring Valley Coal Co. v. City of Spring Valley.

1. ULTRA VIRES—*Not a Defense in a Suit for Damages Caused by Mob Violence.*—The fact that a corporation exceeded its corporate powers by holding property not necessary for the purposes of its incorporation, is not a defense to an action by it against a municipality in which the property was located, for damages sustained by the destruction of such property by a mob.

2. VERDICTS—*Contrary to the Evidence.*—Where a plaintiff establishes a clear right of recovery, and the defendant fails to show any valid or legal defense, and the jury utterly disregard the evidence and the law as given to them by the court, and render a verdict for the defendant, a judgment based upon such verdict ought not to stand, and will be reversed by this court.

3. APPEALS AND ERRORS—*Final Judgment in the Appellate Court.*—Where a plaintiff makes out his case by clear proof, and there is no evidence tending to sustain the issues tendered by the defendant, so that the trial court would have been justified in directing a verdict for the plaintiff, the Appellate Court has the power to, and should reverse a judgment for the defendant and render final judgment for the plaintiff.

4. SAME—*Rendition of Final Judgment by Appellate Court Does Not Infringe Right of Trial by Jury.*—The reversal of a cause upon the facts and rendition of final judgment by the Appellate Court, is not an infringement of the constitutional right of trial by jury.

**Trespass on the Case,** for damage to property by a mob. Appeal from the Circuit Court of Bureau County; the Hon. DORRANCE DIBELL, Judge, presiding. Heard in this court at the May term, 1897. Reversed and final judgment rendered. Opinion filed December 17, 1897.

ALFRED R. GREENWOOD and RICHARD M. SKINNER, attorneys for appellant.

In an action under the New Hampshire statute, illegal and improper conduct on the part of the owner of the property will not be presumed, and he need not prove the legality or propriety of his conduct. Palmer v. City of Concord, 48 N. H. 211; 97 Am. Dec. 605.

The fact that the premises were kept for illegal purposes is no defense; the proper remedy in such a case being to remove the nuisance and not to destroy the property. Moody v. Niagara County Suprs., 46 Barb. 659; affirmed 36 N. Y. 297.

The fact that a corporation carried on a store not authorized by the charter, is no defense to an action by it against the city in which the store was located for damages sustained in the destruction of such store by a mob. Spring Valley Coal Company v. City of Spring Valley, 65 Ill. App. 571.

Upon the evidence, the jury, uninfluenced by prejudice and passion, and under the law, should have found a verdict in favor of the Spring Valley Coal Company. They found, however, for the defendant, when the evidence, with all the inferences that they could justifiably draw from it, was so meager and insufficient to support their verdict, that the trial court would have been warranted in directing them to find for the plaintiff (if any trial court can ever be warranted in so directing); the trial court, however, having failed to do so, we submit that this Appellate Court in rendering the judgment that should have been rendered in the trial court in favor of the appellant will no more invade

the province of the jury under the law as held in this State, than would the trial court if it had directed what verdict the jury should return.    And if it shall appear that the law, under the facts as shown by the evidence in this case, has been improperly applied in the court below, in any respect materially affecting the judgment rendered, it then becomes the duty of this court to reverse the judgment of the trial court, and the power which the lower court might have exercised on the trial in this case, this Appellate Court may exercise on this appeal.    Commercial Ins. Co. v. Scammon, 123 Ill. 601.

JOHN L. MURPHY and WM. HAWTHORNE, attorneys for appellee.

MR. PRESIDING JUSTICE CRABTREE DELIVERED THE OPINION OF THE COURT.

This was an action on the case, brought by appellant against appellee, to recover damages for the destruction of property by a riotous mob, in the city of Spring Valley on the night of July 6, 1894.    The right to bring the suit is founded upon an act of the legislature passed in 1887, and in force July 1, 1887, entitled "An act to indemnify the owners of property for damages occasioned by mobs and riots."    3 Starr & Curtis, 370; Session Laws 1887, p. 237.

The case was tried by a jury resulting in a verdict in favor of appellee, upon which the court rendered judgment after overruling a motion for new trial.

The case has been tried twice with the same results.    The first judgment in favor of appellee was reversed by this court, and the cause remanded, for the reasons given in our opinion then filed (see 65 Ill. App. 571).    A careful examination of the record now before us, shows that there is no substantial difference in the evidence from what it was upon the former trial.    The facts having been fully stated in our former opinion, only a brief restatement of them at this time will be necessary to an understanding of the case.

It appears from the evidence, that appellant is a corpora-

tion duly organized under the laws of this State, engaged in the business of mining and selling coal at Spring Valley in Bureau county, Illinois. Appellee is a municipal corporation organized under the general law, and on July 6, 1894, Thomas B. Jack· was the mayor, John L. Murphy was the city attorney, and Charles J. Fay was city clerk. At this time there was a general strike among the coal miners throughout the United States, and those employed in mines in the vicinity of Spring Valley, while apparently having no particular complaint against appellant, were engaged in a sympathetic strike. In connection with its other business, appellant was carrying on a general store in the city of Spring Valley, and selling goods to its employes and others who saw fit to trade there. On the night of July 6, 1894, a riotous mob consisting of some three or four hundred persons, made an attack upon appellant's store, broke into the same, and carried away or destroyed goods to the value of $9,066.95, and did damage to the building amounting to $183.25. These facts are entirely uncontradicted and undisputed, being established by the evidence beyond doubt or controversy. The only defenses sought to be interposed are : 1. That the law is unconstitutional. 2. That appellant was careless and negligent in caring for its property. 3. That inasmuch as it was only authorized by the law of its incorporation to mine and sell coal, it had no right to own or operate a store for the selling of merchandise, and can not recover for its destruction.

A motion was made at the December term of this court, to dismiss for want of jurisdiction, and was then overruled. Counsel for appellee have argued the motion as though it had not already been disposed of, but we think it was properly overruled. The grounds of the motion were substantially the same as those urged when the case was formerly before us. Our reasons for overruling it were then fully stated, and we adhere to the views then expressed.

As to the second point of defense, we fail to find anything in the evidence upon which to base it. The only thing which appellants could have done otherwise than

what it did do to protect its property, would have been a resort to armed force to resist the attack of the mob.    We discussed this question at length in our former opinion, and we still think it was not the duty of appellant to provide a police force of its own or to assemble men under arms at its own expense, or to risk the destruction of human life, to obtain that protection which it was incumbent on the city authorities to furnish, and which it had the power to do.    In our view of the case, there is nothing in the evidence to show that the officers and employes of appellant acted otherwise than as ordinarily prudent and careful men would have been expected to act under the same or similar circumstances, and hence it was not guilty of negligence or carelessness within the meaning of the statute under which this action is brought; on the contrary, it appears to have used all reasonable diligence to prevent the damage.

The third point was discussed in our former opinion, and we can only repeat what we then said, that in our judgment the proposition that, because appellant may have exceeded its corporate powers, a mob might destroy its property with impunity, finds no support either in sound reason or the adjudged cases.    Ely v. Supervisors of Niagara County, 36 N. Y. 297.

We do not deem it necessary to pursue the discussion of this question further than to again refer to what was said on the subject when the case was here before.

Upon a careful consideration of the evidence taken upon the last trial, we are of the opinion appellant established a clear right of recovery, and that appellee failed to show any valid or legal defense.    No reason is perceived why the jury should have utterly disregarded the evidence, and the law as given to them by the court, and rendered a verdict for appellee; such a verdict was entirely unwarranted; a judgment based upon it ought not to stand, and must therefore be reversed.

The case having been tried twice upon substantially the same evidence, with two unwarranted verdicts in favor of appellee, appellant now insists that it is the duty of this

court to render a final judgment in its favor upon the evidence appearing in the record.

This question we will proceed to consider.

By Section 80 of the Amended Practice Act (2 Starr & Curtis, 1838, Par. 81) it is provided that "In all cases of appeal and writ of error, the Supreme Court or Appellate Court may give final judgment and issue execution," etc. This language is broad and comprehensive, and it is not limited to cases tried by the lower courts without a jury, but in its terms includes all cases, however they may have been tried.

The right to enter final judgments in this court upon a reversal of the judgment of the court below, was exercised by this court in the case of Adams v. Slater, 8 Brad. 72. The action was case for diverting water from the mill of the plaintiff. All the facts were admitted, and the cause was submitted to the court for trial without a jury, resulting in a judgment against the plaintiff for costs. On appeal to this court the judgment of the court below was reversed, and final judgment entered here in favor of the appellant, and on appeal to the Supreme Court the judgment was affirmed. Druley v. Adam, 102 Ill. 177. The question as to the power of the Appellate Court to render this judgment does not appear to have been raised or discussed in the Supreme Court.

The right of the Appellate Court to render final judgment in a case where it finds the facts differently from the finding in the court below, is distinctly recognized in the case of Commercial Ins. Co. v. Scammon, 123 Ill. 601. In that case a jury was waived by agreement, the cause tried by the court and judgment rendered for the defendant. The plaintiff appealed to the Appellate Court, which reversed the judgment of the Circuit Court and rendered final judgment in favor of the plaintiff below, from which judgment an appeal was taken to the Supreme Court. It was contended in the latter court that the judgment was void, because the Appellate Court had no authority to render a final judgment contrary to the finding of the trial court

acting in the place of a jury. It was held that the language of the practice act above quoted was broad enough to justify the judgment as rendered. It was also held that " if the jury were to find for the defendant, when the evidence given at the trial, with all the inferences that they could justifiably draw from it, is so insufficient to support their verdict that the court would have been warranted in directing them to find for the plaintiff, but failed to do so, an Appellate Court, in rendering the judgment that should have been rendered in the Circuit Court, no more invades their province than would the Circuit Court, under those circumstances, had it directed what verdict the jury should return." But as one of the issues of fact had not been found by the Appellate Court as a part of its judgment, the judgment was reversed and the cause remanded to the Appellate Court with directions to render a judgment *de novo;* and if still of the opinion that upon the record before it, the judgment of the Circuit Court should be reversed and final judgment rendered in the Appellate Court for the plaintiff, that such judgment be rendered, and the fact upon which it was based be found and certified.

Upon the cause again coming before the Appellate Court upon the remanding order, it entered a final judgment in favor of the plaintiff for $8,910 and costs, and certified a full statement of the facts on all the issues as a part of its judgment. The defendant again appealed to the Supreme Court, when the judgment of the Appellate Court was affirmed. Commercial Union Assurance Co. v. Scammon, 126 Ill. 355. The case of Manistee Lumber Company v. Union National Bank, 143 Ill. 490, was an action of assumpsit. By agreement of parties a jury was waived and the cause tried by the court, which found the issues for the defendant and rendered judgment in its favor. On appeal to the Appellate Court, the judgment of the Superior Court was reversed, and final judgment entered against the defendant below for $9,629.60 and costs, and execution awarded therefor. The Appellate Court made and certified a full finding of the facts as a part of the judgment, and on appeal to the Supreme Court the judgment was affirmed.

In the case of Borg v. Chicago, R. I. & P. Ry. Co., 162 Ill. 348, it is held that the power of the Appellate Court to reverse without remanding, given by Section 87 of the Practice Act, when it determines that the facts are different from those found in the court below, is not limited to cases where the trial court might direct a verdict, but extends to cases requiring the weighing of testimony and a comparison of the credibility of witnesses. This decision recognizes the proposition that larger powers are conferred upon the appellate tribunal than exist in the trial court. The case was tried by a jury, resulting in a verdict and judgment in favor of plaintiff below for $20,000 and costs. On appeal to the Appellate Court the judgment was reversed without remanding, and final judgment was rendered against plaintiff below for the costs. He appealed to the Supreme Court, where the judgment of the Appellate Court was affirmed.

In Town of Cicero v. Sackley et al., 164 Ill. 513, appellee sued appellant to recover a balance due for labor and materials furnished for the improvement of Washington Boulevard. A jury was waived and the cause tried by the court, which gave judgment in favor of the plaintiff below for $1,127.10. Being dissatisfied with the amount, he took the case to the Appellate Court by appeal, where, upon a hearing, the judgment of the Circuit Court was reversed, and final judgment in his favor for $3,410.95 was entered by the Appellate Court, and all the facts found and certified as a part of the judgment. On appeal to the Supreme Court, the judgment of the Appellate Court was affirmed, the finding of facts being binding upon the former court, and the power to enter such judgment under Section 87 of the Practice Act is fully recognized. In a still later case, Everts v. Lawther, 165 Ill. 487, the defendant in error had filed a claim in the Probate Court of Cook County against the estate of Edward A. Everts, deceased, and it being disallowed, he appealed to the Circuit Court, where, a jury being waived and the cause tried by the court, the claim was again disallowed. On appeal to the Appellate Court,

the judgment of the Circuit Court was reversed, and final judgment rendered in favor of the claimant for $1,248.19. The Appellate Court found the facts differently from the Circuit Court, and made such finding a part of its judgment, which was affirmed by the Supreme Court, it being held that the judgment was a necessary consequence of the facts found. It was urged that the Appellate Court should have remanded the cause for a new trial, otherwise plaintiffs in error were deprived of their constitutional right to a trial by jury. Held, they were not deprived of such right, because they had waived it, and submitted the case to the court for trial without a jury. And it is said : "In such a case the Appellate Court may give final judgment, if the law, applied to the facts found, authorizes such a judgment." But can it make any difference because a jury has been waived ? The same force and effect is given to the finding of the court as to the verdict of a jury. Cook v. Thayer, 11 Ill. 617; Wood et al. v. Price, 46 Ill. 435.

A jury was not waived in the Borg case *supra*, and yet the power of the Appellate Court to weigh the evidence and render final judgment upon its own finding of facts, and against the verdict of the jury, is distinctly recognized and upheld, and such action is held not to violate the constitutional right of trial by jury. As we have said before, the statute is broad enough to give the power to render final judgments in all cases, whether tried by a jury or not, and we see no reason for drawing a distinction in this regard between cases tried by a jury, and those in which a jury is waived, and the cause tried by the court. There would seem to be no difference in principle in rendering judgment in favor of the plaintiff for the amount the evidence clearly shows him entitled to, or rendering final judgment against him for the costs, where the evidence, in the opinion of the Appellate Court, fails to establish his right to recover. Hence it would seem to us the language above quoted from the latter part of the opinion of Everts v. Lawther *supra*, should not be understood as intending to limit the power of the Appellate Court to render final judgment for the plaintiff, to those cases only, in which a trial by jury has been waived.

In the case at bar, there really being no controverted question of fact in issue, the trial court would have been entirely justified in directing a verdict for the plaintiff, and no doubt would have done so if asked, because the evidence, with all the inferences which can justifiably be drawn from it, is entirely insufficient to support a verdict for the defendant. In such a case an Appellate Court, in rendering the judgment that should have been rendered in the Circuit Court, can not be said to invade the province of the jury. Commercial Ins. Co. v. Scammon, *supra*.

The court has a right to pronounce judgment on the legal effect of admitted facts; and on such facts it is not only the province, but the imperative duty of the court to determine. And in such cases the court does not invade the province of the jury by directing a verdict. Todd v. Old Colony & Fall River R. R. Co., 7 Allen (Mass.) 207; S. C., 83 Am. Dec. 679.

To hold that when the facts are clear and undisputed, judgment may not be rendered upon such facts, if the law as applied to the facts authorizes a recovery, because juries disregard the evidence and the instructions of the trial judge, and that the only power of an appellate tribunal is to reverse and remand for a new trial as often as the case comes up under the same conditions, would be a travesty on justice and make legal procedure a farce.

Our conclusion, upon a careful examination of the statute and the decisions of the Supreme Court, is, that we not only have the power to render final judgment for the plaintiff in this case, but upon the evidence found in the record it is our duty to do so.

As to the amount of the plaintiff's loss, or the value of the property destroyed by the mob, there is absolutely no contradiction. The testimony of the witness William A. Roebuck shows the value of the stock destroyed was $9,066.95, and that the damage to the building was $183.25, making an aggregate of $9,250.20.

Under the statute appellant could only recover three-fourths of this amount, or the sum of $6,937.65, which we

think it is entitled to, and judgment will therefore be rendered in this court in favor of appellant and against appellee for the sum of $6,937.65 damages, and for costs of suit as well in this court as in the court below.

Judgment of the Circuit Court reversed and final judgment for appellant rendered in this court.

DIBELL, J., took no part.

FINDING OF FACTS TO BE MADE A PART OF THE JUDGMENT.

We find as a fact that appellant is a corporation, duly organized under the laws of this State, for the purpose of mining and selling coal and other minerals.

That the city of Spring Valley, appellee, is a municipal corporation duly organized under the general laws of this State.

That on the night of July 6, 1894, a mob, composed of three or four hundred persons, riotously assembled in the city of Spring Valley, and made an assault upon property owned by appellant, then and there being within the corporate limits of said city and not in transit, and destroyed personal property belonging to appellant and in its possession to the amount of $9,066.95, and did damage to the real estate of appellant in which said personal property was stored, to the amount of $183.25.

We further find as a fact that such destruction and damage to appellant's property by said riotous mob was not occasioned, or in any way aided, sanctioned or permitted by the carelessness, neglect or wrongful act of appellant, its agents, officers or servants, but we find as a fact that appellant, its agents, officers and servants used all reasonable diligence to prevent such destruction and damage.

We further find as a fact, that within thirty days after the damage to its property and the destruction thereof as above found, appellant served upon the proper officers of appellee, due notice of its claim for damages as required by the statute under which this suit was brought, and that

this action was commenced within twelve months after such destruction and injury occurred.

We further find as a fact, three-fourths of the value of the property of appellant so damaged and destroyed, is the sum of $6,937.65, as to which there is no contradictory evidence.

It is therefore ordered and adjudged that the judgment of the Circuit Court of Bureau County herein, against appellant and in favor of appellee, be, and it is hereby, reversed and set aside, and that said appellant, the Spring Valley Coal Company, do now have and recover of and from said appellee, the city of Spring Valley, said sum of $6,937.65 so as aforesaid by this court found to be its damages, together with its costs in this court, and in the court below, to be taxed, the same to be paid in due course as in case of other judgments against municipal corporations.