ANTHONY F. SEEBERGER *et al.*

*v.*

LEANDER J. McCORMICK.

*Opinion filed February 17, 1899.*

1. APPEALS AND ERRORS—*effect of reversal by Appellate Court without remanding, though agreeing with trial court on facts.* Where the Appellate Court, although agreeing with the trial court's conclusions from stipulated facts, reverses a judgment for defendant in a case tried without a jury and enters judgment on plaintiff's demand, the defendant, though he submitted no propositions of law below, may in the Supreme Court assign as an error of law that the Appellate Court has, in effect, upheld plaintiff's refused propositions of law.

2. SAME—*reversal without remanding—effect where the Appellate Court draws different conclusions from agreed facts.* Where the Appellate Court reverses a judgment for defendant in a case tried without a jury on agreed facts and enters judgment on plaintiff's demand, having drawn different conclusions from the agreed facts than those reached by the trial court, the question is presented to the Supreme Court from the record itself, independently of the submission of propositions of law in the trial court, whether the facts found by the Appellate Court are sufficient, in law, to sustain its judgment.

3. PARTNERSHIP—*when incorporators are not liable on lease as partners.* Directors of a bank completely organized and incorporated under the National Banking act except that it has no certificate from the comptroller authorizing it to act, are not liable as co-partners on a lease entered into for business headquarters, as in such case they are not acting as agents of an assumed corporation but of a corporation *de jure,* as yet powerless to make a lease.

4. CONTRACTS—*when bank directors are liable in action ex contractu on implied warranty of corporate authority.* One leasing a building to the directors of a bank for a place of business, in ignorance of the fact that the bank, although otherwise completely organized and incorporated, had no certificate from the comptroller authorizing it to transact business, may, upon the subsequent abandonment of the organization and the surrender of the building, hold the directors liable in an action *ex contractu* upon their implied warranty of power to enter into the lease.

*McCormick v. Seeberger,* 73 Ill. App. 87, affirmed.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN BARTON PAYNE, Judge, presiding.

DAVID J. BAKER, and HIRAM T. GILBERT, for plaintiffs in error:

One who assumes, without authority, to act as agent of a corporation and to make a contract as such in its name, does not bind himself personally upon the contract, but he becomes liable, if at all, in tort for false assumption of authority amounting to deceit.  *Duncan* v. *Niles*, 32 Ill. 533; *Ogden* v. *Raymond*, 22 Conn. 379; *Abbey* v. *Chase*, 6 Cush. 54.

When, in the body of the sealed instrument, the covenants are stated as if they were made by a corporation directly with the plaintiff, without the agency of any one, and the defendant is not named but signs the instrument and seals it with his own seal as president of the corporation and on its behalf, an action cannot be sustained upon it against him individually.  *Hopkins* v. *Mahaffy*, 11 S. & R. 126.

PENCE, CARPENTER & HIGH, for defendant in error:

These defendants, the directors of the supposed corporation, are liable in an action *ex contractu* upon their implied warranty of authority to execute such lease and bind the corporation.    28 Am. & Eng. Ency. of Law, 823; *Mahurin* v. *Harding*, 28 N. H. 128; Anson on Contracts, 460; Mechem on Agency, sec. 549; *Cherry* v. *Bank*, L. R. 3 Privy Council App. 24; *White* v. *Madison,* 26 N. Y. 117; *Patterson* v. *Lippincott*, 47 N. J. L. 457; *Richardson* v. *Williamson*, L. R. 6 Q. B. 276; *Collen* v. *Wright*, 7 E. & B. 301; *Downman* v. *Williams*, 7 Q. B. 111; *Lewis* v. *Nicholson*, 18 A. & E. 502; *Beattie* v. *Lord Ebury*, 7 Eng. & Irish App. H. L. 102; Story on Agency, sec. 264.

They are also responsible, upon the facts in this case, in an action *ex delicto*, in case the stipulation is broad enough to permit a judgment in tort.  *Smout* v. *Ilbery*, 10 M. & W. 1; *Kroeger* v. *Pitcairn*, 101 Pa. St. 311; *Jefts* v. *York*, 10 Cush. 392; *Ogden* v. *Raymond*, 22 Conn. 384; *McCurdy* v. *Richards*, 21 Wis. 197; Mechem on Agency, secs. 342-345;

Story on Agency, sec. 264; 1 Beach on Private Corp. sec. 253; Evans on Agency, 300-302; Morse on Banking, 133.

The question of excessive damages cannot be raised in this court, the judgment of the Appellate Court being conclusive upon that point. *Bangor Furnace Co.* v. *Magill,* 108 Ill. 656; *Stumer* v. *Pitchman,* 124 id. 250.

A suit against a corporation for rent, for which the plaintiff did not recover because the contract was not binding upon the corporation, does not prevent a suit against the agent who is liable for the same. *Kroeger* v. *Pitcairn,* 101 Pa. St. 311; *Randell* v. *Trimmen,* 18 C. B. 786.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

Defendant in error, Leander J. McCormick, brought assumpsit in the superior court of Cook county against the plaintiffs in error, Anthony F. Seeberger and others, as co-partners, to recover rent accruing from August 15, 1893, to May 1, 1895, upon a lease made by McCormick to the Market National Bank of Chicago of a certain office, to be used exclusively for the purposes of a bank. The rent stipulated in the lease was $13,000 per annum, payable $1083.33 monthly. Besides the common counts the declaration contained a special count declaring specially on the written lease. Besides the general issue the defendants below filed special pleas denying their joint liability, but before the issues were made the parties waived a jury and submitted the case to the court for decision upon a written stipulation as to the pleadings and the facts, which was incorporated in the bill of exceptions and which contains the following: "The foregoing facts shall be held to be competent evidence, under the pleadings in this cause, to the same extent that they would be under any form of pleadings, the intention of the parties being, that under the pleadings in this cause the respective parties may establish any cause of action or defense that they could, respectively, establish under any

form of pleadings." The lease was set out in full in the stipulation, and showed that it was executed by plaintiff, McCormick, and by the Market National Bank, by Seeberger, as its president, and Cox, its cashier. The defendants were all shareholders and directors of the bank. The bank was organized and incorporated but had not received a certificate of the comptroller of the currency authorizing it to transact a banking business. No such certificate was ever issued, and the organization was abandoned within a few months after its inception, but it and its officers occupied the leased premises from May 1 until August 15, 1893, when the officers of the bank vacated and offered to surrender the premises to McCormick, and upon his refusal to accept such surrender left the key upon his desk. In October following, under another agreement between the lessor and lessee, the lessor took possession of the premises to lease the same upon such terms as might be agreed upon, to avoid as much loss as possible, with the agreement that it was to be without prejudice to the rights of either party; but the property was not rented, and it remained vacant until the lease was terminated, in 1895, in pursuance of its terms, when McCormick brought suit against the Market National Bank to recover the rent stipulated in the lease, but as the National Banking act provides that "no association shall transact any business, except such as incidental and necessarily preliminary to its organization, until it has been authorized by the comptroller of the currency to commence the business of banking," and as the comptroller had not given such authority, it was held that the bank had no power to enter into the lease, and could be held liable only for use and occupation until the premises were vacated, August 15, 1893. (*McCormick* v. *Market Nat. Bank*, 61 Ill. App. 33; 162 Ill. 100; 165 U. S. 538.) McCormick then brought this suit for the rent for the rest of the term, against the officers, directors and shareholders of the bank, as before stated.

Ten propositions were asked by the plaintiff below to be held as law in the decision of the case, but the court refused all of them and rendered judgment for the defendants. None were asked by the defendants. The plaintiff appealed, and the Appellate Court reversed the judgment and found "the facts as set forth in the stipulation in the record," and entered judgment against the defendants, and assessed the damages at the amount of the rent stipulated in the lease from August 15, 1893, to May 1, 1895, $22,208.33. The defendants then sued out this writ of error to reverse that judgment.

A preliminary question is raised by McCormick, the defendant in error, that as plaintiffs in error submitted no propositions to be held as law by the trial court in the decision of the case, and preserved no exceptions to any ruling of that court, there is no question of law preserved for this court to decide; that the decision of the Appellate Court was upon the facts, and is final and conclusive. It is undoubtedly true that unless some question of law is presented by the record for our decision we can do nothing more than affirm the judgment, for we have no power to review the decision of the Appellate Court upon questions of fact. It is, however, contended by the plaintiffs in error that all questions of law necessary for a full review of the judgment of the Appellate Court upon its merits are preserved for our consideration in one of two ways: First, that the finding of the Appellate Court that the facts were as set forth in the stipulation in the record must be treated as a finding of the facts different from the facts as found by the trial court, and that the sufficiency of the facts as found to support the judgment raises a question of law for decision by this court; second, that if it be held that the Appellate Court found the facts the same as they were found by the trial court, then the Appellate Court must have held the law different from the holding in that respect by the trial court in refusing to hold the propositions asked by the

plaintiff below as law in the decision of the case,—that is to say, that these propositions contained the plaintiff's contentions as to the law of the case and were refused, and if the Appellate Court and the trial court agreed as to the facts, the effect of the judgment of the Appellate Court was to reverse the decision of the trial court upon these propositions of law and to hold that they should have been held as law in the decision of the case, and that this decision of the Appellate Court raises here the questions of law presented by these propositions.

After a further consideration of the case on rehearing we have reached the conclusion that the contentions of plaintiffs in error on this branch of the case must prevail. We are not disposed to defeat the right of review in this court by adopting the refined distinctions urged upon us by defendant in error. Counsel on both sides have cited and reviewed many cases decided in this court similar in some respects to this, but none where this precise question has been decided. The question has usually arisen where the judgment of the trial court has been affirmed by the Appellate Court and the facts found the same as by the trial court. In such a case, where no question of law decided by the trial court has been preserved for decision, the judgment of the Appellate Court upon the facts as found below is necessarily conclusive. But in the case at bar not only has the judgment of the trial court been reversed, but a judgment for the demand of the plaintiff has been rendered by the Appellate Court. We shall consider first the second question raised by plaintiffs in error,—that is, that questions of law are presented here by the decision of the Appellate Court upon the propositions presented in the trial court by the plaintiff there, which may be availed of by them.

If because of, or notwithstanding, the finding of the Appellate Court that it found "the facts as set forth in the stipulation" it should be held that the Appellate Court found the facts the same as found by the trial

court,—that is, that the two courts agreed not only as
to the facts stated in the stipulation, (which they did, of
course,) but also as to all proper inferences of fact to be
drawn from the agreed facts,—then it follows, necessa-
rily, that the Appellate Court reversed the judgment for
errors of law; and in the absence from the record of any
question of law having been raised by the record except
by the propositions of law, it should be presumed that
the Appellate Court, while agreeing with the trial court
as to the facts, disagreed as to the propositions of law,
and was of the opinion that they, or some of them, should
have been held as law in the decision of the case. Now,
no exceptions can be taken or saved in the Appellate
Court to its rulings or decisions, and as any question
of law arising upon the record proper may be availed of
on appeal or on error, it follows that if the effect of the
decision of the Appellate Court was to hold that said
propositions tendered by the plaintiff below stated the
law correctly and should have been held, such decision
of the Appellate Court was adverse to defendants, and
can be availed of here as fully as if it had arisen upon
propositions held as law presented by them and decided
by the Appellate Court to have been erroneous. . They
could have taken and saved no exceptions in the trial
court in either case, the rulings there being in their favor.
Whether they might not, by propositions of their own,
have presented questions of law not raised by the propo-
sitions presented by the plaintiff is not the question, but
the point is that they may assign as error for what it is
worth the adverse decision of the Appellate Court hold-
ing that the propositions which were presented by their
adversary and refused in the trial court were correct and
should have been held. Instead of finding and reciting
in its judgment the ultimate facts, if it found the facts
in whole or in part different from the finding of the trial
court, as was done in *Huyett & Smith Co.* v. *Edison Co.* 167
Ill. 233, and held proper in *Hayes* v. *Massachusetts Life Ins.*

*Co.* 125 id. 626, and other decisions of this court, the Appellate Court simply found the facts as set forth in the stipulation, which, of course, embraced many mere evidentiary facts from which the ultimate facts may have been deduced or inferred.  As we have held, the statute (the 87th section of the Practice act) applies as well where the facts are agreed upon as where they are proved by witnesses, such agreed facts being treated in the same way as the evidence would be treated if proved by witnesses.  *Hnyett & Smith Co.* v. *Edison Co. supra; Bolton* v. *Johnston,* 163 Ill. 234; *Grabbs* v. *City of Danville,* 166 id. 441.

The finding as made by the Appellate Court has led to the uncertainty in the record whether its judgment is the result of finding the facts different from the facts as found by the trial court, or as the result of a conclusion that the trial court erred in not holding as law the propositions submitted on the trial; but as in this case we are of the opinion that the same questions of law arise in either event, that uncertainty cannot materially affect the decision of the case.  In considering, then, the view of the case (which we are inclined to adopt) that the finding of the Appellate Court was a finding of the facts different from the facts found by the trial court, the question of law is raised by the record itself whether or not the facts as found are legally sufficient to support the judgment.  In passing upon this question every inference of fact arising from the evidentiary facts which are contained in the finding, which tends to support the judgment, must be indulged as fully as in case the question arose on an instruction or proposition of law in the trial court that a certain one of the parties was entitled to recover.  So treating the finding of the Appellate Court as a finding of the ultimate facts upon which it based its judgment of damages then recovered for the first time by the plaintiff, the legal question arises, independently of any propositions of law, whether the law authorized the judgment which was rendered on such facts, or not.  This

is necessarily so, otherwise there might be no way to raise this question, not of fact but of law, in this court in cases of this character. A proposition asked in the trial court to be held as law would not necessarily raise it, for such a proposition that the designated party was or was not entitled to recover under the evidence would be properly refused if there was any evidence which, in the eye of the law, tended to prove the contrary, and the Appellate Court would, on appeal or writ of error, so hold, but at the same time, as the final arbiter of the facts, would reverse the judgment on the facts and enter a final judgment of its own upon the evidence, and find and recite in its judgment the facts contrary to the finding below. In such a case the exception saved by the party who had offered the proposition would avail him nothing in questioning the legal sufficiency of the facts as found and recited by the Appellate Court to support its judgment. It cannot be supposed that the law intended that the Appellate Court should not only have the power to determine finally and conclusively all questions of fact in cases at law, and to enter final judgment upon a finding of the facts different from the finding below, but also to settle, beyond the power of review, all questions of law arising as to the sufficiency of such facts there found and settled for the first time to support its judgments. Thus, it was held in *Borg* v. *Chicago, Rock Island and Pacific Railway Co.* 162 Ill. 348, that the power of the Appellate Court to reverse without remanding where it finds the facts different from the facts as found by the trial court is not limited to cases where the trial court might direct a verdict, but extends to cases where the evidence must be weighed. See, also, *Everts* v. *Lawther*, 165 Ill. 487, and *City of Spring Valley* v. *Spring Valley Coal Co.* 173 id. 497. No question arises in the case at bar as to the power of the Appellate Court to enter the judgment for the plaintiff's demand, as in the cases cited, for the reason that trial by jury was waived, and, besides, judgment was stipulated

for. In 173 Ill. p. 503, above cited, in speaking of the 87th section of the Practice act, we said: "That section has been acted upon in numerous cases, and it has always been held that the only question which can be presented to this court is whether the facts as found and recited in the judgment justify the judgment rendered by the Appellate Court." Also in *Hawk* v. *Chicago, Burlington and Northern Railroad Co.* 147 Ill. 399, where there was a reversal and a finding and recital of the facts, we said: "Under our former decisions there is but one question presented for consideration, and that is, conceding the facts to be as found by the Appellate Court, was the law properly applied in that court?"

Considering, then, the case upon the questions of law arising on the record, the judgment of the Appellate Court must rest, and be sustained, if at all, upon one of three legal propositions, and counsel for McCormick insist that it can be sustained upon any one of them: First, that plaintiffs in error are liable to McCormick as co-partners, by virtue of the lease to the bank of which they were directors and by virtue of the agreed facts, the lease failing to bind the bank; or, second, that they are liable on their implied warranty, in acting for the bank, that all the necessary steps had been taken in organizing the bank, so that it was authorized to execute the lease; or, third, that plaintiffs in error are liable to defendant in error in an action on the case for deceit, for falsely assuming an authority which they did not possess and by which he was misled to his injury.

The stipulation, among other things, contains the following: "The said Leander J. McCormick, at the time of the negotiations prior to the execution of said lease and at the time of the execution of said lease, and at the time when said officers of said Market National Bank of Chicago took possession of the demised premises on the 22d day of June, A. D. 1893, understood and believed that said Market National Bank of Chicago was duly and legally

organized as a national bank, and that, as such, it was ready to do a banking business, and that it had the power to enter into said lease and the agreements connected therewith, and had no knowledge or information to the contrary until the 15th day of August, A. D. 1893, at which time the officers of the said Market National Bank of Chicago informed said McCormick that said Market National Bank of Chicago had no power to enter into said lease, and offered to surrender to said McCormick said demised premises and said lease, and the said McCormick was then and there informed by the said officers of said Market National Bank of Chicago that said Market National Bank of Chicago had never been authorized by the comptroller of the currency to commence the business of banking, but nevertheless said McCormick then and there refused to accept such surrender."

As has been seen, the pleadings were sufficiently broadened by the stipulation to sustain a judgment in any form of action which the evidence agreed upon would establish. It is plain, upon principle and authority, that plaintiffs in error cannot be held upon the lease itself, as parties thereto. They are not named as parties to or otherwise in the instrument, and there are no apt words to bind them to its covenants. (*Hancock* v. *Yunker*, 83 Ill. 208.) But counsel for defendant in error insist that under all of the facts as found, plaintiffs in error are liable as co-partners in assuming to act for and on behalf of the bank as a corporation when the bank had no authority to enter into the contract, and cite *Bigelow* v. *Gregory*, 73 Ill. 197, and *Loverin* v. *McLaughlin*, 161 id. 417. In these cases this court held, in substance, that persons who associate themselves together by articles of agreement to become a corporation, but do not comply with the law so as to become a corporation, will be liable as partners for contracts made by them in the name assumed as the corporate name. In the *Loverin case* they were held liable under the statute of this State, and it was also there said

they were liable independently of the statute.    But in those cases there was a failure to incorporate, while in the case at bar the lessee, the Market National Bank, was a corporation *de jure*, but was by the act by which it was incorporated incapacitated from transacting the business of banking, or entering into contracts of the character of this lease, until it had received the certificate of the comptroller, which he was not authorized to issue until certain requirements had been complied with, one of which was that one-half of the capital subscribed had been paid in. But the bank had the corporate power to transact such business and make such contracts as were "incidental and necessarily preliminary to its organization." It is not a case where the party to the contract had no corporate power, but one where its corporate power was exceeded, —a case where the contract was not *ultra vires* corporations organized under the law under which it was incorporated, but *ultra vires* this corporation, because it had failed to comply with a certain provision, without compliance with which there was a deficiency of corporate power.  Here there was a *de jure* corporation, while in the cases cited there was none.   We are disposed to agree with the Appellate Court that the principle on which individuals so associated are held as partners is not in causing the corporation to exceed its powers, but in acting for and in the name of a presumed corporation which has no corporate existence. *Trowbridge* v. *Scudder*, 11 Cush. 83; *First Nat. Bank* v. *Almy*, 117 Mass. 476; *Gent* v. *Manufacturers and Merchants' Mutual Ins. Co.* 107 Ill. 652; *Loverin* v. *McLaughlin, supra.*

The second proposition of defendant in error is, that plaintiffs in error, if not liable as partners, are still liable *ex contractu* upon their implied warranty of their authority to execute, or to cause to be executed on behalf of the corporation, the lease in question.   The principle is one of agency, and that plaintiffs in error, as the agents of the corporation in making the contract of lease, by

necessary implication asserted to the lessor that they. were in fact authorized to cause the lease to be executed by the corporation. Where the contract is made in good faith and both parties. are fully cognizant of the facts, and the mistake is one of law only, the result of which is to exonerate the principal from liability because the agent had no lawful authority to make the contract, it is clear that the agent cannot be held liable, either *ex contractu* or *ex delicto.* The Appellate Court was authorized to find, and doubtless did find, that this was not such a case. These directors were charged with knowledge that they had not taken the necessary steps to obtain, and had not obtained, the certificate of the comptroller necessary to confer power to make the lease, and it was a fair inference for the Appellate Court to draw from the agreed facts that McCormick did not know of this omission until August 15, 1893,—several months after the lease was executed and after possession of the premises had been taken by the lessee under it. The stipulation also showed that the plaintiffs in error canceled their articles of association in July, but remained in possession of the premises until the 15th day of August. They had by resolution authorized and directed the execution of the lease, and there can be no doubt of the legal sufficiency of the evidence to establish an implied warranty on their part of their authority to enter into the lease on behalf of the corporation, if such implied warranty is in law a sufficient ground on which to make them liable to respond in damages to McCormick for a breach of such warranty.

It is, however, contended by the plaintiffs in error that the law is that there is no such liability *ex contractu,* and that the only remedy is by a special action on the case, and then only when there has been some deception practiced on the opposite party,—some misrepresentation to or concealment from him of some material fact,—and which deception, misrepresentation or concealment op-

erated to induce him to enter into the contract; and we are referred to *Duncan* v. *Niles*, 32 Ill. 532, and *Hancock* v. *Yunker*, 83 id. 208, and the opinion of the Appellate Court in this case, as settling the law to that effect in this State. We do not regard the cases cited as holding that an action *ex contractu* upon the implied warranty cannot be maintained. That question was not in issue in either of the two cases cited, decided by this court. True, it was said that an action on the case for deceit would lie. In the *Duncan-Niles case* the action was brought against Niles on the note which Niles, assuming to act for the county, had given as the note of the county, and it was held that the contract was void and that neither party could be held on it, the county not having authorized it and there being no apt words in the instrument to bind Niles. It was there said, that "if the defendant falsely represented himself as the agent of the county and authorized to obtain this money, and did so obtain it, he may be reached by a special action on the case for the fraud, *or in some other appropriate action, but not on the note itself.*" And in the *Hancock-Yunker case* the action was covenant on the lease against the individual trustees who executed it on the part of the Chicago Literary Association, and it was held they were not liable on the instrument, it containing no apt words to bind them individually. Mr. Justice SCHOLFIELD, in delivering the opinion of the court, among other things said: "The question here is not whether these defendants may be held liable to the plaintiff *in a proper form of action*, but whether they are liable *in this form of action,—i. e.*, covenant upon the lease." True, the opinion contains the quotation in the *Duncan-Niles case* from *Abbey* v. *Chase*, 6 Cush. 56, that in Massachusetts the only remedy against the agent is by action on the case for falsely assuming to act as agent; but those cases cannot be treated as having decided that an action in assumpsit, not on the instrument itself but on the implied warranty of authority to

execute it, cannot be maintained in this State. We are of the opinion that upon both principle and authority such an action can be maintained. Indeed, the fraud, if any, arises out of the contractual relations which the parties have assumed. The express contract purporting to bind the principal may be void, but if the agent has given his warranty, express or implied, that he is authorized by his principal to execute the contract when he has no such authority, we know of no principle of law or logic which would prevent the other party from recovering for the breach of such warranty where injury has been sustained by such breach. Why may he not waive the tort, where tort exists, and sue in assumpsit? That an action *ex contractu* on the implied warranty will lie, has been decided by many authorities. Mechem on Agency, sec. 549; 1 Am. & Eng. Ency. of Law,—2d ed.—1127; Anson on Contracts, p. 460; *Mahurin* v. *Harding,* 28 N. H. 128; *Collen* v. *Wright,* 7 E. & B. 301; *Cherry* v. *Colonial Bank,* L. R. 3 Privy Council App. 24; *Downman* v. *Williams,* 7 Q. B. 111; *Beattie* v. *Lord Ebury,* 7 Eng. & Irish App. H. L. 102; *Lewis* v. *Nicholson,* 18 A. & E. 502; Story on Agency, sec. 264; *Patterson* v. *Lippincott,* 47 N. J. L. 457; *White* v. *Madison,* 26 N. Y. 117; *Richardson* v. *Williamson,* L. R. 6 Q. B. 276.

Doubtless, in many cases a recovery may be had in either form of action, but in others the character of the suit must be determined by the facts of the case. Thus it is said in Mechem on Agency, sec. 549: "Much question has been raised as to the form of action in which the agent who acts without authority is to be held liable,— whether an assumpsit can be maintained or only a special action on the case. It would seem that this is a question to be determined largely by the particular facts of each case. Where an agent who knows that he has no authority makes express assertions that he possesses it, or so acts as to amount to an assertion of authority, and by so doing deceives and injures the other party who has relied thereon, it cannot be doubted that an action on

the case for the deceit is an appropriate remedy. At the same time, an action of assumpsit upon the express or implied warranty of authority might also be maintained instead of the action on the case."

As the record in this case shows a clear right of action for a breach of the implied warranty of authority against the plaintiffs in error, we deem it unnecessary to decide whether or not the findings of fact by the Appellate Court would sustain an action on the case for deceit.

It is next contended by the plaintiffs in error that the Appellate Court erred in assessing more than nominal damages against them. Their contention is, that the rent stipulated in the lease cannot be regarded as the measure of damages. It is not denied, however, that it is some evidence of the damages sustained and may properly be considered. The contentions of counsel in respect to the amount of damages are based upon their conclusion that the only remedy that the plaintiff below had was in an action on the case. It appears from the record that by agreement between the parties McCormick took possession of the premises in October, 1893, to rent them upon such terms as might be agreed upon, so as to avoid as much of the loss as possible, but without prejudice to the rights of either party; that he made every effort to procure a tenant but was unable to do so. The premises stood idle during the term for which recovery was allowed by the Appellate Court. It was also stipulated that if the court, upon the agreed facts, should be of the opinion that the plaintiff should recover from the defendants, judgment should be entered for such sum as the court should be of the opinion the plaintiff was entitled to recover. Aside from the rent agreed to be paid in the lease, and the payment at that rate for a part of the time prior to August 15, 1893, there was no evidence of the rental value of the property or of the damages which the plaintiff below sustained. It is manifest from the stipulation that we cannot say, as a matter of law, that there

was no evidence upon which the Appellate Court could base its findings. Indeed, counsel for plaintiffs in error, as we understand their argument, so concede if a recovery can be had in an action *ex contractu*.

Finding no error the judgment will be affirmed.

*Judgment affirmed.*