BENJAMIN FRANKLAND

*v.*

L. M. JOHNSON.

*Filed at Ottawa October 26, 1893.*

1. PROMISSORY NOTE—*executed by officer of a corporation—liability thereon.* An obligation sued on, reading as follows: "On or before, etc., the Western Seaman's Friend Society agrees to pay to L. M. J., or order, the sum of * * * with interest at the rate of six per cent per annum.—B. F. Frankland, general superintendent," is not distinctly, on its face, the note of Frankland, nor is it, by its terms, the note of the corporation.

2. SAME—*establishing liability by extrinsic proof.* If it be conceded that, *prima facie*, a general superintendent of a corporation has authority to make promissory notes in its name, and the instrument be held to appear, on its face, to be the note of the society rather than of Frankland, it can not even then be held to be conclusively so, but it may be shown to be the note of the person so signing the same.

3. SAME—*denying liability—execution not denied by plea under oath.* Although the defendant in an action on a promissory note does not deny the execution of the note by plea verified by affidavit, he may, on the trial, deny that it ever became his personal obligation, and show that he executed the same in behalf of a corporation of which he was the general superintendent.

4. SAME—*binding corporation or individual—form of execution.* A personal note, in proper form, would have used the personal pronoun "I," instead of the name of the corporation, and would have been signed without the designation "general superintendent." As the note of the corporation it should have been signed in the name of the corporation, by its president, secretary or other officers authorized to execute it, or by the proper officers designating themselves as officers of the corporation for which they assumed to act, or using the corporate name both in the body of the note and in the signature to it.

5. AGENCY—*agent's contracts—personal liability.* If the agent, either of a corporation or an individual, makes a contract which he has no authority to make, he binds himself personally, according to the terms of the contract.

6. If a person undertakes to contract as an agent, and contracts in a manner which is not legally binding upon his principals, he will be personally responsible; and the agent, when sued upon such a contract, can exonerate himself from personal liability only by showing his authority to bind those for whom he has undertaken to act. It is not for the plaintiff to show that he had no authority. The defendant must show affirmatively that he had authority.

7. SAME—*contract as principal or agent—a question of fact.* The question whether a contract made by an agent is his contract or that of his principal, is a question of fact, to be determined from the facts and circumstances leading to and attending the making of the same, and such question is not open to consideration in this court.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. THOMAS F. TIPTON, Judge, presiding.

Mr. J. W. WAUGHOP, and Mr. M. J. DUNNE, for the appellant:

In order to recover under the plea of assumpsit, a consideration must be averred and proved. *Hill* v. *Todd,* 29 Ill. 101; *Hoyt* v. *Jaffray,* id. 104; *Lowe* v. *Bliss,* 24 id. 168.

All the cases in this State where the parties have been held personally bound, are where they say, "I" or "We promise to pay." In this case, the agreement says, "the Western Seaman's Friend Society agrees to pay." In this respect it is different from any of those where a personal liability has been held. The act is simply attested by the general superintendent, in this case. *Powers* v. *Briggs,* 79 Ill. 493; *Burlingame* v. *Brewster,* id. 516; *Cahokia* v. *Rautenberg,* 88 id. 219; *Hypes* v. *Griffin,* 89 id. 135.

But there is an exception, where it was held that where five persons, styling themselves trustees, signed a note for a church where no authority was shown in them, it was a church note. Story on Bills and Notes, sec. 69; *Little* v. *Bailey,* 87 Ill. 239; *Savings Bank* v. *Gillet,* 100 id. 254.

That defendant is not liable on the note, see Am. & Eng. Ency. of Law, 389; *Hypes* v. *Griffin,* 89 Ill. 135; *Simpson* v. *Garland,* 72 Mo. 40; *Means* v. *Schwormstadt,* 32 Ind. 87; 1 Randolph on Commercial Paper, sec. 135.

It was not necessary to deny the execution of the note by verified plea. *Stevenson* v. *Farnsworth,* 2 Gilm. 715; *Port* v. *Pearson,* 108 U. S. 422

Mr. M. L. THACKEBERRY, for the appellee:

The plea of non-assumpsit, unverified, did not put in issue the execution of the note. *Templeton* v. *Hayward,* 65 Ill. 178; *Vance* v. *Funk,* 2 Scam. 263; *United Workmen* v. *Zuhlke,* 129 id. 298.

The note was the contract of the party signing his own name thereto. *Savings Bank* v. *Gillet,* 100 Ill. 254; *Sperry* v. *Fanning,* 80 id. 371; *Powers* v. *Briggs,* 79 id. 493; *Scanlan* v. *Keith,* 102 id. 642; *Little* v. *Bailey,* 87 id. 239; *Hypes* v. *Griffin,* 89 id. 134.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

This was an action in assumpsit, by appellee, against appellant, commenced in the Superior Court of Cook county by attachment. The declaration consisted of the common counts, and a special count upon the following instrument:

"$5592.00.                                    CHICAGO, *June 1, 1885.*

"On or before the first day of June, 1888, the Western Seaman's Friend Society agrees to pay to L. M. Johnson, or order, the sum of five thousand five hundred and ninety-two dollars, with interest at the rate of six per cent per annum.

B. FRANKLAND, *Gen. Sup't.*"

The special count alleges that the defendant, on, etc., "made his certain promissory note in writing,   *   *   *   in and by which said note the said defendant, by the name, style and description of 'the Western Seaman's Friend Society,' promised to pay the said plaintiff, etc.,   *   *   *   and that he, the said defendant, at the same time and place of the execution of the note aforesaid, and as part of the same transaction, by a certain writing upon the face of said note, guaranteed the prompt payment of the same, and undertook and promised to pay to the order of said plaintiff the sum of money therein mentioned,   *   *   *   which writing was in the words and figures, to-wit," and signed, "B. Frankland, Gen. Sup't." The affidavit for attachment alleged that the defendant was a non-resident of the State, and that upon diligent inquiry his place of residence could not be ascertained. An amended affidavit set up other causes for attachment, but in our view of the case it is unimportant.

To the declaration defendant filed a plea of non-assumpsit, and to the writ of attachment a plea in abatement, traversing the allegations of the affidavit. On these pleas issue was joined and a trial partially had before a jury, but before it was concluded it was agreed between the parties that the jury might be discharged and the case be submitted to the court,

which was done.  Judgment was rendered for plaintiff for the amount of the note sued on, and sustaining the attachment. The defendant appealed to the Appellate Court, and it affirmed the judgment of the Superior Court.

As to the cause of action, the question between the parties is, whether the instrument sued on is the personal note of the defendant or that of the Western Seaman's Friend Society. It is contended by counsel for appellee, that there being no plea, verified by affidavit, denying the execution of the instrument, the defendant can not question his individual liability upon it.  This position is based upon section 34, chapter 110, of our statute, which provides that no person shall be permitted to deny, on trial, the execution of any instrument in writing upon which any action may have been brought, unless the person so denying the same shall, if defendant, verify his plea by affidavit.  The defendant did not claim the right, on the trial, to deny the execution of the note.  He admits that fact, but denies that, as executed, it became his personal obligation.  This, we think, he might do without a sworn plea, and that seems to have been the view of the trial court.  The defendant was permitted to introduce his own and the testimony of other witnesses, giving his version of all the facts and circumstances under which the note was made, and therefore had the benefit of all the facts available to him as a defense under any state of pleading.

The writing, on its face, is not distinctly the note of Frankland.  A personal note by him, in proper form, would have used the personal pronoun "I," instead of the name of the corporation, and would have been signed without the designation "Gen. Sup't."  Neither is it, by its terms, the note of a corporation.  As such, it should have been signed with the name of the corporation, by its president, secretary or other officers authorized to execute it, or, as in *Scanlan* v. *Keith,* 102 Ill. 634, by the proper officers designating themselves officers of the corporation for which they assumed to act, or,

as in *New Market Savings Bank* v. *Gillet,* 100 Ill. 254, using the corporate name both in the body of the note and in the signatures to it.

But if it be conceded that, *prima facie,* a general superintendent of a corporation has authority to make promissory notes in its name, and this instrument be held to appear, on its face, to be the obligation of the society, rather than of Frankland, certainly it could not even then be contended that it was conclusively so. It is well understood that if the agent, either of a corporation or an individual, makes a contract which he has no authority to make, he binds himself personally, according to the terms of the contract. (Angell & Ames on Corp. sec. 303.) It was said by SUTHERLAND, J., in *Mott* v. *Hicks,* 1 Cow. 573, (13 A. D. 556): "It is perfectly well settled that if a person undertake to contract, as agent, for an individual or corporation, and contracts in a manner which is not legally binding upon his principal, he is personally responsible, (citing authorities). And the agent, when sued upon such a contract, can exonerate himself from personal liability only by showing his authority to bind those for whom he has undertaken to act. It is not for the plaintiff to show that he had not authority. The defendant must show, affirmatively, that he had." This rule is quoted with approval in *Wheeler* v. *Reed et al.* 36 Ill. 91.

This action is against Frankland, individually. The note is declared upon as his personal promise to pay. The question, then, as to whether it is his contract or that of the Western Seaman's Friend Society, is one of fact, and so it was treated on the trial. Both parties went fully into the facts and circumstances leading to and attending the making of the note. So far from showing affirmatively that appellant had authority to make the note so as to bind the corporation, the evidence strongly tends to show the contrary, and that it was the intention of the parties that he should be individually responsible. No record proceedings whatever, on the part of

the corporation, pertaining to appellant's transactions with appellee or her husband, were shown. It is clear that if suit had been against the society there could have been no recovery on the evidence in this record. At all events, the facts have been settled adversely to appellant, and are not open to review in this court.

The propositions submitted to the trial court by appellant, to be held as law applicable to the case, are mainly requests to hold certain facts to have been proved, and, under the evidence, they were all properly refused. In fact, no argument is made in support of them. There is but one theory on which the judgment below could be reversed by this court, and that is, that the note sued on must be held to be the contract of the corporation, absolutely and conclusively, and all parol proof tending to establish appellant's liability, was incompetent,—and that theory is clearly untenable.

As to the judgment on the attachment, it is only necessary to say that the evidence at least tended to support the allegations of the original affidavit, and the judgment of affirmance in the Appellate Court is conclusive.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*