(No. 13524.—Judgment affirmed.)
JOHN F. GOLDEN et al. Appellants, vs. WILLIAM L. ELL-WOOD et al. Appellees.

*Opinion filed June 22, 1921—Rehearing denied October 6, 1921.*

1. BANKS—*when executors cannot be held liable as stockholders.* Under section 6 of article 11 of the constitution only stockholders are made personally liable for the amount of stock held by them, and executors who hold a testator's shares of capital stock in a bank, and who without authority under the will take a certificate for the same amount of stock issued to the testator's estate by another bank which has taken over the business of the former bank, cannot be held personally liable in a suit in equity brought, after the failure of the latter bank, for the sole purpose of recovering under said section of the constitution.

2. PRINCIPAL AND AGENT—*when agent acting without authority is personally liable.* An agent may become liable upon an implied warranty or on a charge of fraud or deceit where he acts or contracts in the name of his principal without authority or in excess of authority.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of DeKalb county; the Hon. MAZZINI SLUSSER, Judge, presiding.

THOMAS M. CLIFFE, and HIRAM T. GILBERT, for appellants.

KNAPP & CAMPBELL, (JOHN R. COCHRAN, and LEONARD FERRIS MARTIN, of counsel,) for appellees.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

The Appellate Court for the Second District affirmed a decree of the circuit court of DeKalb county sustaining a demurrer to and dismissing for want of equity a bill filed by appellants, John F. Golden and Bernard Horwich, receiver of the Ashland-Twelfth State Bank, as creditors of the LaSalle Street Trust and Savings Bank, against William L. Ellwood, Erwin Perry Ellwood and Albert Wallace Fisk, appellees, as stockholders of said bank, to enforce their personal liability as stockholders under section 6 of article 11 of our constitution. The Appellate Court granted a certificate of importance, and a further appeal is prosecuted by said creditors to this court.

Isaac L. Ellwood died testate September 11, 1910, and letters testamentary were issued to appellees, William L. Ellwood, Erwin Perry Ellwood and Albert Wallace Fisk, by the county court of DeKalb county, October 24, 1910. At the time of his death Isaac L. Ellwood was the owner of fifty shares of the capital stock of the LaSalle Street National Bank. On October 21, 1912, the LaSalle Street Trust and Savings Bank was organized for the purpose of taking over the business of the LaSalle Street National Bank, which had discontinued business on October 2, 1912, and all of its assets were transferred to the LaSalle Street Trust and Savings Bank. On November 1, 1912, appellees caused to be issued by the latter bank, in exchange for the fifty shares of the capital stock of the LaSalle Street National Bank owned by the deceased at his death, fifty shares of the capital stock of the LaSalle Street Trust and Savings Bank. The certificate was issued to the "estate of Isaac L. Ellwood." The LaSalle Street Trust and Savings Bank became insolvent, and was dissolved by reason thereof by decree of the circuit court of Cook county on January 18, 1915. At the suspension of business it was indebted to appellant Golden in the sum of $11,116.64, and to ap-

pellant Horwich, as receiver of the Ashland-Twelfth State Bank, in the sum of $205,653.77, all of which indebtedness had accrued during the period the fifty shares of stock stood in the name of the estate of Isaac L. Ellwood. The aggregate amount of the liability of the LaSalle Street Trust and Savings Bank for the period the fifty shares were in the name of the estate of Isaac L. Ellwood was $2,500,000.

The foregoing facts and other facts were alleged by appellants, and the bill entitles them to recover if the specific facts above set forth are sufficient to charge and hold appellees as stockholders of the LaSalle Street Trust and Savings Bank, under the following authorities: *Eames* v. *Doris,* 102 Ill. 350; *Tunesma* v. *Schuttler,* 114 id. 156; *Queenan* v. *Palmer,* 117 id. 619; *Palmer* v. *Woods,* 149 id. 146.

The prayer of the bill is for a decree against appellees for the payment of the sum of $5000 in satisfaction of their liability as stockholders of the LaSalle Street Trust and Savings Bank to the creditors thereof, to be paid into court or to a receiver to be appointed by the court, under section 6 of article 11 of the constitution of this State. Under the averments of the bill the only question for our consideration is whether or not appellees are stockholders or can be held as stockholders under said section of the constitution. Appellants insist that the allegations are sufficient to charge appellees as stockholders, and they further insist that if appellees cannot be held as stockholders they should be held liable in the sum of $5000, under the authorities above cited, if there is any theory upon which they may be held liable as for fraud and deceit, or upon an implied warranty that they had authority to have said stock issued to the estate of Isaac L. Ellwood.

There is no averment in the bill that the appellees were at any time stockholders in the LaSalle Street Trust and Savings Bank or that any stock was ever issued to them in their individual names or in their names as executors. It

does aver, in addition to the specific facts above set forth, that the appellees, as executors aforesaid, retained the fifty shares of stock in their possession, and in their capacity as executors received from the trust and savings bank the sum of $62.50 as a dividend declared by the directors of the bank upon said stock and have ever since retained said sum. The bill further avers that the testator did not, by his last will and testament or otherwise, empower the appellees, or either of them, to purchase, acquire or hold in their capacity as executors shares of stock in any banking corporation, which want of power was well known to appellees. This court has held, where the question was directly before it, that appellees had no power or authority to invest in said stocks or to hold the same as executors under the will of the testator. (*Golden* v. *Cervenka,* 278 Ill. 409.) The averments in the bill cannot possibly be held sufficient to charge that appellees were stockholders. They cannot be held as stockholders because of the fact that they had no authority to have the stock issued to the estate or by reason of the fact that they collected a dividend thereon as executors.

Section 6 of article 11 of the constitution, under which appellants seek to charge appellees, provides as follows: "Every stockholder in a banking corporation or institution shall be individually responsible and liable to its creditors, over and above the amount of stock by him or her held, to an amount equal to his or her respective shares so held, for all its liabilities accruing while he or she remains such stockholder." This provision only purports to hold stockholders in such liability. No one but an actual stockholder can be held to such liability. There is abundance of authority that under certain circumstances an agent may become liable upon an implied warranty or on a charge of fraud or deceit where he acts or contracts in the name of his principal without authority or in excess of his authority. (*Seeberger* v. *McCormick,* 178 Ill. 404; 2 Corpus Juris,

804; Story on Agency, sec. 264.)   The ground of liability in cases where the contract contains no apt words to charge the agent on the covenants of the contract is based upon an implied warranty or upon fraud and deceit.   No such action can be maintained here because no such case was made by the complainants' bill.   The bill is brought for the purpose, alone, of recovering under said section of the constitution from appellees as stockholders.   No apt averments are made to charge any other character of liability. The court therefore properly sustained the demurrer to appellants' bill.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*

---

(No. 13837.—Reversed and remanded.)
Wymer Schlosser, Appellee, *vs.* The Sanitary District of Chicago, Appellant.

*Opinion filed June 22, 1921—Rehearing denied October 7, 1921.*