BERNARD FEINBERG, Plaintiff-Appellant, *v.* THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., Defendant-Appellee.

(No. 53235;

First District—December 3, 1970.

*Rehearing denied January 15, 1971.*

Ordower & Ordower, of Chicago, for appellant.

Arvey, Hodes & Mantynband, of Chicago, (Sidney R. Zatz, Howard Arvey and Irving L. Zatz, of counsel,) for appellee.

Mr. JUSTICE SCHWARTZ delivered the opinion of the court:

This is an appeal from a summary judgment for defendant in a suit in which plaintiff, the beneficiary of a land trust, seeks to recover damages for breach of a lease which he signed as agent of the trustee, contrary to the provisions of the trust agreement which provided that no beneficiary should have the authority to contract for or in the name of the trustee. The facts follow.

On October 29, 1963, plaintiff entered into an agreement with the Chicago Title and Trust Company as trustee pursuant to which he conveyed to it the real estate here involved. Under the agreement he was entitled as beneficiary to the earnings, avails and proceeds of the property. His interest therein is defined in the trust agreement as consisting solely of a power of direction to the trustee to deal with the property

and to manage and control it as provided in the trust deed. The agreement also provided that the trustee would on the written direction of the beneficiary make deeds for or otherwise deal with the title to the real estate. The beneficiary had the management and control of the selling, renting and handling of the property. It also provided that no beneficiary should have any authority to contract for or in the name of the trustee or to bind the trustee personally. On the same day, October 29, 1963, on which the plaintiff entered into the trust agreement, he assigned to six universities varying percentages of all his rights, power and privileges in, to and under his beneficial interest in the trust.

On February 23, 1965, plaintiff entered into a lease with defendant for a store in a shopping center to be constructed by plaintiff. The lease was dated January 14, 1965, and was for a twelve year period. Plaintiff executed it as follows:

"Chicago Title and Trust Company * * * as Trustee under Trust Agt. Dated Oct. 29, 1963, and Known as Trust No. 46173.

By: Bernard Feinberg, *Authorized Agent.*" (Emphasis added.)

By assignments dated February 17, 1965, the universities conveyed their beneficial interests in the trust back to the plaintiff. The assignments were sent by plaintiff to the trustee on June 18, 1965, and were received by it on June 21, 1965. On March 4, 1966, defendant notified plaintiff that it considered the lease terminated since the premises had not been completed within 90 days from December 1, 1965, that is, before March 1, 1966, as provided by the lease.

Following receipt of that notice the plaintiff brought this suit in the name of the Chicago Title and Trust Company as trustee. Defendant took depositions and then filed a motion for summary judgment based upon the following grounds:

"(1) that the lease between the trustee and A & P dated January 14, 1965 was invalid in that it was not the act of the trustee lessor, not having been executed by the trustee or by any person authorized by the trustee to execute leases on its behalf;

(2) that the lease was improperly executed by plaintiff in that he was not then nor at any time thereafter the authorized agent of the trustee;

(3) that the trustee lessor at no time ratified Bernard Feinberg's lack of authority to execute the lease;

(4) that the trustee disclaimed any interest in the lease and that no claim can be predicated upon the lease in the name of the trustee;

(5) that the plaintiff trustee was not advised prior to its deposition that the lease was made or that this cause had been commenced in its name, and that the trustee had not authorized the bringing of this action."

After argument had been heard on the motion, the court allowed Feinberg to substitute himself as party plaintiff and to file an amended complaint. That was done and the court again heard argument and then granted defendant's motion for summary judgment upon the grounds before stated.

While plaintiff raises a number of issues, he exhorts the court in the concluding paragraph of his brief to pierce the land trust veil and hold that a true relationship of landlord and tenant exists between the beneficiaries of a land trust and the lessee, notwithstanding the decisions of our courts which for many years have defined the respective powers and responsibilities of the beneficiary and the trustee of a land trust. This court did so recently in *Madigan v. Buehr*, 125 Ill. App.2d 8, 260 N.E.2d 431 (May 21, 1970, Dempsey, J.). Madigan, the sole beneficiary of a land trust, agreed to sell the property involved to George and Margo Buehr. The Buehrs defaulted in their obligation and Madigan sued them. She had not disclosed in the contract that the land was held in trust or that she was the beneficiary thereof, but held herself out as owner. The Buehrs contended that Madigan was not the owner and was not authorized to sell. Holding that Madigan's signature as owner did not create a binding contract, we took into account the nature of a land trust as defined in many Illinois cases. We pointed out that the land trust has been approved in this State and that incidental to that approval, the respective powers of a trustee and beneficiary have been distinguished and their responsibility defined in cases starting with *Kerr v. Kotz* (1920), 218 Ill. App. 654. Since then it has been uniformly held that the interest of a trustee is confined to the title and is realty, while the interest of a beneficiary is personal property. *In re: Estate of Peters*, 34 Ill.2d 536, 217 N.E.2d 3; *Sterling Savings & Loan Assoc. v. Schultz*, 71 Ill.App.2d 94, 218 N.E.2d 53.

In *Madigan*, after reviewing the various cases, this court reached the following conclusion (p. 16):

"There is a natural tendency to blend the power of the beneficiary with that of the trustee. The beneficiary is the person interested in the sale; he is the one who determines the price and the terms, and he is the one who most likely conducts the negotiations. But *the nature of the land trust is such that, if the trust is to be preserved, the powers of the beneficiary and the trustee must be kept distinct.* In negotiating for the sale of trust property, and in the contract of sale or articles of agreement, *the beneficiary cannot, as this court said in Schneider v. Pioneer Trust & Sav. Bk., 26 Ill.App.2d 463, deal with the property as if no trust existed.*" (Emphasis added.)

In the instant case the plaintiff did not obligate himself as the bene-

ficiary, but sought to bind the Chicago Title & Trust Company as its "authorized agent" when no authority was so granted him. In fact a specific provision of the trust provided that no beneficiary should have any authority to contract for or in the name of the trustee or to bind the trustee personally. Were Feinberg considered to be the agent of the trustee, he would be subject to its direction and control. Obviously such was not the intention of the parties in establishing the land trust. (*Brazowski v. Chicago Title & Trust Co.*, 280 Ill.App. 293, 300—01.) H. Kenoe, in Land Trusts, 43—44, Chicago Bar Assoc. (1967) notes that:

> "One of the most common errors is for a beneficiary to execute a lease in the name of the land trustee by himself as agent. Such a lease [he notes] is meaningless and not binding upon the trustee since the beneficiary is not an agent of the trustee."

Plaintiff contends that defendant could have been granted specific performance had plaintiff failed to perform his part of the contract, and from this we assume that he would have us conclude that, since he was bound, the lessee should likewise be held to performance of the contract. Defendant in its brief merely responded that Feinberg could not enforce the lease because he was not a party thereto. Plaintiff cites no authorities in his brief to support his contention. Defendant on oral argument contended that its only recourse would be to sue for misrepresentation or deceit.

Our courts have taken conflicting positions on the liability of one who without authority signs a contract as agent. In some cases it has been held that he is not personally liable on the contract. (*Golden v. Ellwood,* 299 Ill. 73, 132 N.E. 223; *Seeberger v. McCormick,* 178 Ill. 404, 53 N.E. 340.) In others it has been held that he is personally liable. *Frankland v. Johnson,* 147 Ill. 520, 35 N.E. 480. *See generally,* Note, 43 Ill. B.J. 378 (1955).

■■ The Restatement (Second) of Agency, par. 329, comment *a* (1957), takes the position that an unauthorized agent is liable on an implied warranty of authority, but cannot be held as a party to the contract. This in our opinion is the correct view. Feinberg, by signing as authorized agent, evidenced an intent not to bind himself personally. He acted only in a purported representative capacity and therefore could not be held to the terms of the contract. Since A & P could not have held him to the terms of the contract, Feinberg cannot argue that he should be able to enforce the terms thereof.

■■ Plaintiff points out that a beneficiary can sue for rent (*Bellows v. Ziv,* 38 Ill.App.2d 342, 187 N.E.2d 265) and can be held liable for negligence (*Brazowski v. Chicago Title & Trust Co.*, 280 Ill.App. 293) and from that he concludes that courts have pierced the land trust and

exposed the real parties in interest. Nothing in those cases affects our conclusion that in his contractual relations with others, the beneficiary of a land trust must deal with the land as beneficiary. When he signs as agent of the trustee contrary to the provisions of the trust agreement, the contract is not enforceable.

The judgment will be affirmed.

Judgment affirmed.

DEMPSEY, P. J., and McNAMARA, J., concur.