TIMBERLINE, INC., Plaintiff-Appellant, v. TIMOTHY TOWNE, d/b/a Towne Development, *et al.*, Defendants-Appellees (David Horwitz *et al.*, Defendants).

Second District   No. 2—91—0614

Opinion filed February 6, 1992.—Rehearing denied March 25, 1992.

Warren G. Fox, of Ori, Fox & Associates, of Waukegan, for appellant.

Wayne B. Flanigan, of Kuseski, Flanigan & Associates, and James J. Babowice, of Brydges, Riseborough, Morris, Franke & Miller, both of Waukegan, for appellees.

JUSTICE UNVERZAGT delivered the opinion of the court:

Plaintiff, Timberline, Inc., appeals from an order of the circuit court of Lake County which dismissed count I of its first amended complaint against defendants Timothy Towne, d/b/a Towne Development, First National Bank of Lake Forest, trust No. 8133, William A. McLaughlin, David Horwitz, Maureen Horwitz, Bank of Northern Illinois, N.A., as trustee of trust No. 3137, Bank of Northern Illinois, N.A., and the Lake Group, Inc.

Plaintiff raises two issues on appeal: (1) whether the trial court erred in dismissing count I of its complaint, which sought specific performance of a real estate contract based on the court's finding that the contract was not enforceable because defendant Towne did not create a binding contract by signing as the agent of the land trust; and (2) whether the trial court also erred in finding that count I should be dismissed because the description of the property contained in the agreement was not definite enough to allow an award of specific performance.

On November 22, 1989, plaintiff filed its verified amended complaint against Timothy Towne, d/b/a Towne Development (Towne), and First National Bank of Lake Forest, trust No. 8133. In count I, plaintiff sought specific performance of a real estate contract. The contract was attached to the complaint as exhibit "A." In the contract, Towne was identified as the seller and plaintiff as the buyer. The property was described as follows:

"PROPERTY: Shopping Center, the 'Center'. Approximately 174,200 square feet of a parcel consisting of 15 acres, more or less, at or near the intersection of State Route 137 at its intersection with Butterfield Road, located at the South-East corner of said intersection, Libertyville, Lake County, Illinois; and located along the southeasterly side of the 'center' bounded on the north by State Route 137 and on the south a distance of approximately 631 feet south of said State Route 137, in Libertyville, Illinois, as depicted on the preliminary sketch of the 'Center' attached hereto as exhibit 'A'."

Attached to the contract was a sketch of the property. The sketch showed a tract of land, and, at the top, a parcel was outlined and des-

ignated "P.I.Q.," presumably meaning "property in question." The top line was marked 631.47 feet.

The contract also stated:

> "For and in consideration of the sum of $50,000 to be applied against the purchase price at closing, Seller agrees to sell to Buyer the above described property, at a price of $3.50 per foot. (The actual purchase price shall be determined by Seller's architect based upon the actual square footage of property to be conveyed to Buyers [*sic*])."

The contract was executed on June 30, 1987. It was signed by the vice-president of plaintiff and by Towne under the designation "First National Bank of Lake Forest Trust #8133." Under Towne's signature were the words, "Agent for the Trust."

Plaintiff's amended complaint alleged that the property described in the contract was part of a five-acre parcel described in a plat of survey. The plat of survey was attached to the amended complaint as exhibit "B" and included a legal description of the five-acre parcel. The complaint also alleged that title to the real estate described in the contract was held by the First National Bank of Lake Forest, trust No. 8133, and that Towne had a beneficial interest in the trust with the power to direct conveyance. The complaint further alleged that plaintiff paid $50,000 to defendants and was ready, willing and able to perform its part of the contract. Plaintiff also alleged that defendants refused to perform their obligations under the contract and returned the $50,000 earnest money.

Also attached to the complaint was the affidavit of Robert Hall, plaintiff's president. Hall stated in his affidavit that plaintiff had previously purchased parcels of real estate from Towne which were held in trust with Towne as beneficiary. Copies of previous contracts for the purchase of real estate signed by Towne were attached to the affidavit.

In count II of the amended complaint, plaintiff sought damages for defendant's breach of contract.

On December 20, 1989, defendants filed a motion to dismiss the amended complaint pursuant to section 2—615 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1989, ch. 110, par. 2—615), alleging that no contract existed because Towne signed the contract in a representative capacity, as agent for the land trust. Defendants asserted that Towne did not sign the contract in his individual capacity and could not, as beneficiary, sign as agent for the trustee. They concluded that neither defendant was therefore bound by the agreement.

The court denied defendants' motion on January 31, 1990. Defendants filed an answer on March 7, 1990. They admitted that record title to the property was held in the name of the trustee and that Towne owned 50% of the beneficial interest in the trust but denied that Towne had the power to direct a conveyance of the property. Defendants included three affirmative defenses with their answer. These were: (1) that the acceptance of the offer to purchase by the agent of the trust did not conform to the offer to purchase property from Towne; (2) that the contract stated that closing was to take place no later than December 1, 1987; and (3) that plaintiff abandoned any rights it may have acquired pursuant to the purported contract by insisting on modifying the terms of the contract.

On September 5, 1990, defendants filed a motion to withdraw their answer to count I of the amended complaint and sought leave to file a motion to dismiss based upon plaintiff's alleged failure to join necessary parties to the proceedings. The motion was denied, but plaintiff was granted 28 days to add certain necessary parties.

On October 18, 1990, plaintiff therefore added William McLaughlin, David Horwitz, Maureen Horwitz, Bank of Northern Illinois, N.A., as trustee of trust No. 3137, Bank of Northern Illinois, N.A., and the Lake Group, Inc., as defendants. All were alleged to have an interest in the subject property. The court later entered an order dismissing David Horwitz and Maureen Horwitz from the lawsuit with prejudice based upon their allegation that they had no interest in the property which was the subject of the suit. Plaintiff has not appealed from this order, and the Horwitzes are not parties to this appeal. The remaining defendants added by plaintiff on October 18, 1990, will be referred to collectively as "additional defendants."

On December 26, 1990, McLaughlin filed a motion to dismiss plaintiff's amended complaint pursuant to section 2—619 of the Code (Ill. Rev. Stat. 1989, ch. 110, par. 2—619). McLaughlin alleged that a contract executed by the beneficiary of a land trust as agent of the trustee is void and unenforceable. He further alleged that, on the date the contract was executed, he was the owner of 50% of the beneficial interest in the land trust which held title to the subject property. McLaughlin also alleged that the amended complaint should be dismissed because an accurate legal description of the property could not be determined from the contract alone.

Attached to McLaughlin's motion was his supporting affidavit and a copy of the trust agreement for trust No. 8133. The agreement stated that Towne had a 100% interest in the real estate described in the agreement. A provision in the agreement also stated:

"The beneficiaries are *not* the agents of the trustee for any purpose and do not have any authority to contract or to execute leases or do any other act for or in the name of the trustee or to obligate the trust personally or as trustee."

McLaughlin also attached a copy of an assignment, dated December 31, 1986, which stated that Towne assigned 50% of his beneficial interest in the land trust to McLaughlin. It also stated, "[a]ny Power of Direction held by *me* under this Trust hereafter shall be exercised by: Timothy J. Towne." (Emphasis added.)

On January 4, 1991, the remaining additional defendants filed their own section 2—619 motion to dismiss count I of plaintiff's amended complaint. These defendants incorporated McLaughlin's arguments and also argued that the contract attached to plaintiff's complaint could not be enforced under the Statute of Frauds (Ill. Rev. Stat. 1989, ch. 59, par. 1 *et seq.*). They contended that the Statute of Frauds was not satisfied because Towne did not have authority in writing to sign as agent of the trust.

Plaintiff filed a response to McLaughlin's motion arguing that the issues raised had previously been raised in a motion to dismiss which was denied and that the trust agreement and assignment showed that Towne retained all power of direction.

On February 20, 1991, following a hearing, the court entered an order which granted the motions to dismiss filed by the additional defendants. The court found that Towne retained sole power of direction over the land trust but that he did not create a binding contract by signing as agent of the trust. The court also found that the "legal description contained within the agreement is not specific enough so as to be enforceable in an action seeking specific performance." The order also granted plaintiff leave to file additional pleadings, and plaintiff filed a second amended complaint which added two counts against Towne.

Plaintiff's motion to reconsider was subsequently denied, and plaintiff brought this timely appeal pursuant to Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)).

Plaintiff first argues that the trial court erred in dismissing count I of its amended complaint because a justiciable issue existed regarding whether an enforceable contract was created when Towne signed the contract as agent for the trust. We agree.

The purpose of a section 2—619 motion to dismiss is to provide a means to dispose of issues of law or easily proved issues of fact (*Nagy v. Beckley* (1991), 218 Ill. App. 3d 875, 878), and such a motion may be granted when the claim asserted against the defendant is barred

by other affirmative matter defeating the claim (*Chicago Steel Rule Die & Fabricators Co. v. Malan Construction Co.* (1990), 200 Ill. App. 3d 701, 708). A trial court should grant a motion to dismiss if, after construing the documents in the light most favorable to the party opposing the motion, the court finds no disputed issues of fact. (*Nagy*, 218 Ill. App. 3d at 878.) In deciding the merits of the motion, the court must assume that the well-pleaded facts of the plaintiff's complaint are true (*Nagy*, 218 Ill. App. 3d at 878) and cannot determine disputed factual issues without an evidentiary hearing (*Chicago Housing Authority v. Taylor* (1990), 207 Ill. App. 3d 821, 827; *Consumer Electric Co. v. Cobelcomex, Inc.* (1986), 149 Ill. App. 3d 699, 703-04).

In this cause, the motions to dismiss asserted, as affirmative matter, that the contract was unenforceable because it was executed by the beneficiary of the land trust as agent for the trust and because it did not comply with the Statute of Frauds. The court granted the motion, specifically relying on *Prodromos v. Poulos* (1990), 202 Ill. App. 3d 1024.

In *Prodromos*, the plaintiff was also seeking specific performance of a real estate sales contract. The contract similarly named the beneficiary of the land trust as the seller, and the beneficiary signed the contract as agent for the trust. The trust agreement in *Prodromos* also included a provision which stated that a beneficiary did not have authority to contract in the name of the trustee. The Appellate Court, First District, held that the contract at issue could not be enforced under the Statute of Frauds because it was not signed or ratified by the party to be charged, the trustee of the land trust, and because the beneficiary of a land trust cannot enter into a valid contract to convey title to trust property as agent of the trustee. (*Prodromos*, 202 Ill. App. 3d at 1028-31.) The *Prodromos* court relied on *Seaberg v. American National Bank & Trust Co.* (1976), 35 Ill. App. 3d 1065, and *Feinberg v. Great Atlantic & Pacific Tea Co.* (1970), 131 Ill. App. 2d 1087, in reaching the latter conclusion.

In *Seaberg*, the plaintiffs were attempting to obtain specific performance of a contract purportedly created by their acceptance of an option to purchase real estate. The court determined that the plaintiffs were not entitled to specific performance because the option was not properly exercised by the plaintiffs. (*Seaberg*, 35 Ill. App. 3d at 1073.) The court also found that the plaintiffs could not prevail because the title to the property at issue was held in a land trust and the option agreement was signed only by the beneficiary of the land trust. (*Seaberg*, 35 Ill. App. 3d at 1070.) The court rejected the plaintiffs' argument that an enforceable agreement existed because the

beneficiary executed the option agreement "as agent of the Trustee" and thus bound the trust. (*Seaberg,* 35 Ill. App. 3d at 1070.) The court applied the following principle of law:

> "The beneficiary of a conventional land trust, as used in Illinois, may under appropriate circumstances enter into a valid contract to convey title to the trust property. He may do so not as agent of the trustee but in his capacity of beneficiary. This right is limited to situations in which the trust agreement vests in him the sole right to direct the trustee to convey title. Such a contract will be mutually enforceable by the beneficiary as seller and the buyer where it expressly, or by reasonable construction, provides for exercise by the beneficiary of the power to direct conveyance." *Seaberg,* 35 Ill. App. 3d at 1069-70.

In *Feinberg,* it was the beneficiary of the land trust seeking to enforce a lease agreement. The beneficiary had signed the lease as "authorized agent" of the trustee. (*Feinberg,* 131 Ill. App. 2d at 1089-90.) The court held that, when a beneficiary signs an agreement "as agent of the trustee contrary to the provisions of the trust agreement, the contract is not enforceable." *Feinberg,* 131 Ill. App. 2d at 1091.

We note that the court in *Prodromos* did not discuss the numerous cases which have found agreements to sell or encumber real estate enforceable where the beneficiary of a land trust enters into the agreement in his capacity as "beneficiary" and has the power to direct conveyance of the property. (See *Paine/Wetzel Associates, Inc. v. Gitles* (1988), 174 Ill. App. 3d 389, 394; *Giannini v. First National Bank* (1985), 136 Ill. App. 3d 971, 987; *Swerdlow v. Mallin* (1985), 131 Ill. App. 3d 900, 903; *First National Bank of Barrington, Trust No. 11—1317 v. Oldenburg* (1981), 101 Ill. App. 3d 283, 289-91; *Jacobs v. Carroll* (1977), 46 Ill. App. 3d 74, 79-81; *House of Realty, Inc. v. Ziff* (1972), 9 Ill. App. 3d 419, 421-22; see also *Parkway Bank & Trust Co. v. Gleich* (1991), 213 Ill. App. 3d 444, 452-57 (summary judgment improperly granted to defendant buyer where question of material fact existed regarding whether enforceable contract was formed when general partner of beneficiary limited partnership signed agreement as beneficiary); *Scholwin v. Johnson* (1986), 147 Ill. App. 3d 598, 603 (notice of forfeiture signed by beneficiary of land trust was valid).) We also note that cases have held that an enforceable agreement is created when the beneficiary of a land trust contracts as seller to cause title to be conveyed to the purchaser even though the purchaser is not specifically advised of the existence of the trust. See *Lampinen v. Hicks* (1979), 73 Ill. App. 3d 376, 377-79; *Rizakos v. Kekos* (1977), 56 Ill. App. 3d 404, 406-08.

The majority of the cases cited in the above paragraph relied on language in *Madigan v. Buehr* (1970), 125 Ill. App. 2d 8, which was also not cited by the *Prodromos* majority. In *Madigan*, the court held that a real estate contract was not enforceable where the plaintiff, the beneficiary of a land trust, represented herself as the owner of the property in the contract and in the complaint. The *Madigan* court proceeded to state, however, in an often-quoted passage:

"[I]t cannot be said that a beneficiary can never contract to sell the trust property. He may do so under appropriate circumstances, not because he has power to convey title or to execute a deed, or because he is the agent of the trustee or stands in its stead, but because the trust agreement gives him 'control of the selling' and the right to direct the trustee to convey title to whomever he designates. Since he has the power to designate conveyance he may contract to exercise that power. If the sales contract is one in which this power is explicitly exercised, or if it is one which, because of the disclosure of the trust and the beneficiary's status, can be construed as exercising this power, the contract is enforceable against both the beneficiary and the purchaser." *Madigan*, 125 Ill. App. 2d at 16-17.

This view, and the principle recited in *Seaberg*, are consistent with the actual operation of a land trust. It is well established that the trustee of an Illinois land trust has both legal and equitable title to the property, and the beneficiary's interest is therefore personal property and not real property. (*In re Estate of Alpert* (1983), 95 Ill. 2d 377, 382; *In re Estate of Bork* (1986), 145 Ill. App. 3d 920, 926.) However, it is also true that " 'the Illinois land trust gives the beneficiary full and complete control over the management, use, and disposition of the property, just as if he had legal title.' [Citations.] During the life of the land trust, the trustee can act only upon the direction of the beneficiary." (*Parkway Bank & Trust Co. v. Gleich* (1991), 213 Ill. App. 3d 444, 449, quoting Haswell & Levine, *The Illinois Land Trust: A Fictional Best Seller*, 33 De Paul L. Rev. 277, 278 (1984).) It is the realities of the land trust and not the formalities which should be of importance to courts. See *Lampinen*, 73 Ill. App. 3d at 379.

In this cause, defendants do not dispute the trial court's finding that Towne had the sole power of direction over the land trust. Towne was designated as seller in the contract and signed the contract as agent for the trust. Hall's affidavit stated that plaintiff had previously purchased property from Towne when Towne acted as beneficiary of other land trusts holding title to the property. We fail to see any dispositive distinction between the situation where a benefi-

ciary creates a binding, enforceable contract by signing as beneficiary and the situation here, where a beneficiary with the sole power of direction signed as agent. We conclude that a question of fact has been raised regarding whether Towne was actually acting in his capacity as beneficiary (see *Seaberg*, 35 Ill. App. 3d at 1069) and whether the contract in this cause "is one which, because of the disclosure of the trust and the beneficiary's status," can be construed as exercising the power to direct conveyance (see *Madigan*, 125 Ill. App. 2d at 17).

We therefore decline to follow *Prodromos* and agree with Justice Egan's conclusion in his lengthy and persuasive dissent that a "defendant should not be permitted to take advantage of the fact that he misrepresented to the plaintiff that the defendant was an agent of the trustee." (*Prodromos*, 202 Ill. App. 3d at 1037 (Egan, J., dissenting).) Defendants have not argued on appeal that the agreement did not satisfy the Statue of Frauds. We note, however, that Justice Egan, in his dissent, has persuasively argued that the Statute of Frauds does not apply in this type of situation. (*Prodromos*, 202 Ill. App. 3d at 1037 (Egan, J., dissenting).) As a disputed issue of fact exists, defendant's section 2—619 motion to dismiss should not have been granted without an evidentiary hearing.

Plaintiff next argues that the trial court erred in determining that the description of the property was not definite enough to allow an award of specific performance. Defendants contend that the property cannot be identified without extrinsic evidence, the plat of survey attached to plaintiff's amended complaint as exhibit "B." We again conclude that a disputed issue of fact exists.

■ A court may not award specific performance of a contract for the sale of land unless the contract is clear, definite and complete, and describes on its face the tract of land to be sold. (*Douglas Theater Corp. v. Chicago Title & Trust Co.* (1991), 210 Ill. App. 3d 301, 311; *Calvary Temple Assembly of God v. Lossman* (1990), 200 Ill. App. 3d 102, 105.) A written contract is not void for uncertainty in the description of the land sold if, from the words employed, the description can be made certain by extrinsic evidence of facts, physical conditions, measurements or monuments referred to in the contract. (*Alter v. Moellenkamp* (1961), 23 Ill. 2d 506, 510; *Koch v. Streuter* (1905), 218 Ill. 546, 557.) "The contract must either describe the land to be conveyed with such certainty that from the writing itself a deed can be drawn conveying the property intended, or it must furnish the means of identifying it with such certainty that from it a surveyor, by the aid of extrinsic evidence, can locate the property." *Welsh v. Jak-*

*stas* (1948), 401 Ill. 288, 296; see also *Kane v. McDermott* (1989), 191 Ill. App. 3d 212, 217.

The trial court relied on our recent decision in *Calvary Temple* in determining that the description of the property was not sufficiently definite. We conclude, however, that *Calvary Temple* is inapposite. In *Calvary Temple*, the plaintiff sought specific performance of a real estate contract for the sale of a 31.1-acre parcel of property which provided that one of the sellers would retain a life estate in "the residence which he occupies on the subject property." (*Calvary Temple*, 200 Ill. App. 3d at 104.) This court reversed the trial court's award of specific performance, stating that the description of the life estate to be retained was insufficient. We noted that "[i]t is not clear from the face of the agreement if this estate includes any land around his home, the garage, any storage sheds, or only the home structure itself" and that a "clear or unambiguous description of the life estate was never placed in evidence." *Calvary Temple*, 200 Ill. App. 3d at 107.

■ In this cause, the contract described the location of the property and stated that it was approximately 174,200 square feet. The contract also included a drawing of the entire parcel owned by the land trust with an outline of the subject property drawn in. We conclude that this description is much more complete than the description of the property to be conveyed in *Calvary Temple*. The contract does not appear to be ambiguous on its face.

We conclude therefore that the information contained in the contract may be sufficient to show with the necessary certainty the property to be sold. (See *Koch*, 218 Ill. at 558; *Bamberg v. Griffin* (1979), 76 Ill. App. 3d 138, 146; see also Annot., 73 A.L.R.4th 135, 187-89 (1989).) A factual question thus remains regarding whether sufficient information is included in the contract so that it can be located by a surveyor. Therefore, defendants' motion to dismiss should not have been granted on this basis. *Cf. Guel v. Bullock* (1984), 127 Ill. App. 3d 36, 41 (summary judgment improperly granted where the plaintiff could prove a set of facts which would allow enforcement of the contract).

For the foregoing reasons, the judgment of the circuit court of Lake County is reversed, and this cause is remanded for further proceedings.

Reversed and remanded.

GEIGER and NICKELS, JJ., concur.