THOMAS M. NOESGES, JR., Plaintiff-Appellant, v. SERVICEMASTER COMPANY, Defendant-Appellee.

Second District   No. 2—91—1348

Opinion filed August 14, 1992.

Brian R. Keeley, of Kupisch, Hunt, Carbon, Kaiser & Bush, of Bensenville, for appellant.

D. Kendall Griffith and Daniel M. Purdom, both of Hinshaw & Culbertson, of Chicago, and Judith L. Hart and Robert G. Black, both of Hinshaw & Culbertson, of Lisle, for appellee.

JUSTICE McLAREN delivered the opinion of the court:

Plaintiff, Thomas M. Noesges, Jr., appeals from an order of the circuit court of Du Page County which dismissed his complaint against defendant, Servicemaster Company, based upon section 1 of the Frauds Act (Ill. Rev. Stat. 1991, ch. 59, par. 1). Plaintiff raises four issues on appeal: (1) whether the trial court erred in dismissing count I of the complaint because plaintiff had completely performed all of his obligations under the oral agreement; (2) whether the trial court erred in dismissing count I of the complaint because plaintiff had substantially performed all of his obligations under the oral agreement; (3) whether the trial court erred in dismissing count I of the complaint based upon its ruling that, as a matter of law, the terms of the oral agreement could not be completed within one year; and (4) whether the trial court erred in dismissing count II of the complaint, which sought an equitable accounting. We reverse and remand.

On June 10, 1991, plaintiff filed his two-count complaint against defendant. He alleged, in count I, that he and defendant entered into an oral contract on or about February 17, 1989. He alleged that the terms of the oral agreement were that defendant agreed to hire plaintiff "to develop a computer software accounting and business package tailored for Defendant's distributors and franchisees, referred to as the Residential/Commercial Franchisee Computer System Project (GADGETS)." He further alleged that defendant agreed to pay plaintiff an annual salary of $40,000, plus normal employee benefits, and also agreed to pay plaintiff $200 per copy of the software "sold to Defendant's distributors and franchisees up to the first 1,500 copies sold, which was estimated would take approximately 5 years." Plaintiff alleged that defendant agreed that it would license, endorse and market the software.

Plaintiff also alleged that, under the terms of the contract, he agreed to develop, beta test and make ready for distribution the com-

puter software package and that he "duly performed all obligations required of him under" the contract. He further alleged that defendant had refused to perform the terms of the agreement, and he sought damages for breach of contract.

In count II, plaintiff also alleged that he performed all of his obligations under the oral contract. He stated that he worked for defendant from February 1989 until his termination on January 15, 1991. He further alleged that approximately 39 software packages were sold from January 1990 to October 1990 and that he was paid incentive commissions pursuant to the oral contract for these packages. He stated that he was of the opinion and belief that a large number of software packages had been sold after November 1990, but that defendant refused to disclose the number of the packages sold. Plaintiff thus sought an order requiring an accounting from defendant of the number of software packages sold after November 1990 and the amount received for the packages. Plaintiff also sought a judgment against defendant for the amount found to be due and owing to plaintiff based upon the number of packages sold.

On August 26, 1991, defendant filed a motion to dismiss plaintiff's complaint. It argued that count I of the complaint should be dismissed pursuant to section 2—619 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1991, ch. 110, par. 2—619) because the oral contract was not enforceable under section 1 of the Frauds Act (Ill. Rev. Stat. 1991, ch. 59, par. 1). Defendant relied solely on the allegations in plaintiff's complaint that payment of a $200-per-sale bonus would take approximately five years. Defendant argued that an "agreement to work for another, or to render services, for longer than one year beyond the time the agreement is made" must be in writing.

Defendant also argued that count II of the complaint should be dismissed pursuant to section 2—615 of the Code (Ill. Rev. Stat. 1991, ch. 110, par. 2—615) because plaintiff did not allege the absence of an adequate remedy at law, a prerequisite to the right to maintain a suit for an equitable accounting. Defendant further argued that the "information Plaintiff seeks would be available by pursuing appropriate discovery, so that a separate action for accounting is unnecessary."

Plaintiff filed a response to the motion to dismiss on September 30, 1991. Citing *Lund v. E.D. Etnyre & Co.* (1968), 103 Ill. App. 2d 158, plaintiff argued that count I should not be dismissed because the Frauds Act did not apply to the alleged oral agreement. He contended that the agreement was capable of being performed within one year. Plaintiff also argued that "not only could the software have been developed and tested within one year, it in fact was intended to have

been developed and tested within that time frame." He further contended that, although the parties estimated that it would take five years to sell 1,500 copies of the software, all 1,500 could have been sold within one year.

Regarding count II of the complaint, plaintiff argued that, as defendant had continued to sell the software packages, a full and formal accounting was of ultimate importance to his cause of action. He contended that count II should not be dismissed because courts have broad discretion in determining whether to order an accounting.

Defendant filed a reply to plaintiff's response, contending that plaintiff did not allege in count I of his complaint that the software could have been developed and tested within one year so that the complaint "is clearly deficient insofar as in voiding the application" of the statute. Citing cases which involved motions to dismiss pursuant to section 2—615 of the Code (or its predecessor), defendant further argued that plaintiff's argument, unsupported by the pleadings, could not be considered in relation to the motion to dismiss and that "[f]acts which are not set forth in the Complaint cannot be raised in a Motion for Dismissal based upon the sufficiency of the Complaint." Defendant also argued that count II should be dismissed because plaintiff did not allege any ground for equity jurisdiction, a necessity for seeking the equitable remedy of an accounting.

A hearing was held regarding defendant's motion on October 2, 1991. The court granted defendant's motion to dismiss count I of the complaint, stating:

> "Here there is nothing to indicate that it would be possible to distribute or sell the first 1,500 copies within a year—the allegation which must be taken on their [sic] face as indicated in paragraph 4, which was estimated to take approximately five years. That's the allegation that we have to deal with, and I don't think that's sufficient to *** take it outside the statute of frauds. The statute of frauds would apply."

The court then also stated, "[w]ith regard to count 2, so long as there's no count 1, I don't see the need to proceed with count 2."

Plaintiff then requested leave to amend the complaint to state specifically that "it was the intention of the parties to actually have this occur within a year's time." The court then advised plaintiff that he had the opportunity to file affidavits in response to defendant's motion to dismiss pursuant to section 2—619(c) of the Code (Ill. Rev. Stat. 1991, ch. 110, par. 2—619(c)). The court stated that the motion to amend the pleadings was improper and again stated that the motion to dismiss was granted.

An order was subsequently entered which stated that defendant's motion to dismiss was granted as to count I and count II of the complaint and that the "matter is dismissed with prejudice" under section 2—619 of the Code. Plaintiff filed a timely notice of appeal.

On appeal, plaintiff first argues that the trial court erred in granting defendant's motion to dismiss count I of the complaint pursuant to section 2—619 of the Code because plaintiff's full performance of his obligations under the oral agreement barred the application of section 1 of the Frauds Act. We agree.

■■ "The purpose of a section 2—619 motion to dismiss is to provide a means to dispose of issues of law or easily proved issues of fact [citation], and such a motion may be granted when the claim asserted against the defendant is barred by other affirmative matter defeating the claim." (*Timberline, Inc. v. Towne* (1992), 225 Ill. App. 3d 433, 438-39.) A motion filed pursuant to section 2—619 of the Code admits, for the purpose of the motion, all facts well pleaded in the complaint. (*Dahl v. Federal Land Bank Association* (1991), 213 Ill. App. 3d 867, 869.) In support of its motion, a defendant is permitted to assert by affidavit those matters showing that a claim has been released or satisfied or barred by other affirmative matter. (Ill. Rev. Stat. 1991, ch. 110, par. 2—619(a); *Dahl*, 213 Ill. App. 3d at 869.) The motion should be granted if, after construing the documents in the light most favorable to the party opposing the motion, the trial court finds no disputed issues of fact. (*Timberline*, 225 Ill. App. 3d at 439.) The motion should be denied, however, if it cannot be determined with reasonable certainty that the alleged defense exists. *Sjogren v. Maybrooks, Inc.* (1991), 214 Ill. App. 3d 888, 891.

In this cause, defendant's motion to dismiss count I of plaintiff's complaint asserted, as an affirmative matter, that the oral contract was unenforceable because it did not comply with section 1 of the Frauds Act. Defendant did not file supporting affidavits. Thus, the only document before the trial court was plaintiff's complaint. The trial court, therefore, had to determine whether, based solely upon the allegations of the complaint, there was an issue of fact regarding the application of section 1 of the Frauds Act to the contract sought to be enforced. In making this determination, the well-pleaded facts of plaintiff's complaint had to be considered admitted by defendant and had to be considered in the light most favorable to plaintiff.

■ Section 1 of the Frauds Act provides, in relevant part:

"[N]o action shall be brought *** to charge any person *** upon any agreement that is not to be performed within the space of one year from the making thereof, unless the promise

or agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person thereunto by him lawfully authorized." (Ill. Rev. Stat. 1991, ch. 59, par. 1.) Statutes such as the Frauds Act, also commonly referred to as the Statute of Frauds, "are designed to prevent false claims by requiring a writing to evidence the parties' contractual intent." *Jakubik v. Rounis* (1988), 175 Ill. App. 3d 551, 552.

■ It is well settled, however, that complete performance on the part of one of the parties to the oral agreement bars application of the statute. (*David v. Schiltz* (1953), 415 Ill. 545, 555; *Adams v. Lockformer Co.* (1988), 167 Ill. App. 3d 93, 101; *Mapes v. Kalva Corp.* (1979), 68 Ill. App. 3d 362, 368; see also Restatement (Second) of Contracts §130 (1981).) "The rationale of the full performance doctrine is that when one party, in reasonable reliance on the contract, performs all of its obligations, it would be unfair to allow the other party to accept the benefits under the contract but to avoid its reciprocal obligations by asserting the Statute of Frauds." (*American College of Surgeons v. Lumbermens Mutual Casualty Co.* (1986), 142 Ill. App. 3d 680, 700.) Illinois courts have uniformly followed the rule "that when one party to a contract completes his performance, the one-year provision of the statute does not prevent enforcement of the promises of the other party." *American College of Surgeons*, 142 Ill. App. 3d at 700; see also *Winnetka Bank v. Mandas* (1990), 202 Ill. App. 3d 373, 395.

■ In this cause, plaintiff alleged that, pursuant to the oral agreement, he agreed to develop, beta test and make ready for distribution the computer software package and that he "duly performed all obligations required of him" under the contract. As these facts have been admitted by defendant for purposes of the section 2—619 motion to dismiss, it is apparent that the Frauds Act does not prevent enforcement of the oral agreement, as alleged, and that defendant's motion should have been denied. We further note that, in count II, plaintiff alleged that software packages were sold in 1990, beginning in January of that year. Thus, plaintiff not only completed his obligations under the contract, he even completed his obligations within one year from the making of the contract.

Defendant argues, however, that plaintiff has waived the issue of full performance by failing to raise it in the trial court. It contends that plaintiff did not argue full or part performance in the trial court, "[n]or did he plead full or part performance in his complaint." As

noted, plaintiff did, in fact, allege in his complaint that he performed all of his obligations under the contract. While plaintiff did not specifically argue in the trial court that the Frauds Act did not apply because of his full performance of his contractual obligations, he clearly did argue that the Frauds Act did not apply to the contract. Under similar circumstances, this court in *Lund* (103 Ill. App. 2d at 163-65) reversed the dismissal of a complaint based upon a determination that the Statute of Frauds did not bar the action because the plaintiff had fully performed his part of the agreement. This was deemed sufficient even though the plaintiff had only argued that the agreement could have been performed within one year. (*Lund*, 103 Ill. App. 2d at 162.) A like result is warranted here.

Defendant next argues that for "full performance to defeat a motion to dismiss based on the statute of frauds, a party's allegations must clearly show performance within one year." It further contends that plaintiff's complaint was insufficient as it "neither states a date by which plaintiff supposedly completed his obligations nor provides that the date of completion was within one year." These arguments are not well taken.

First, the rule of law is that full performance on the part of one of the parties to an oral agreement bars application of the Frauds Act. There is no requirement that the full performance take place within one year. The cases cited by defendant do not support its contention regarding a one-year completion requirement. We do not condone defendant's citation of cases for a proposition for which they do not stand. We also caution defendant that such conduct undermines its entire position.

We also must reject categorically defendant's arguments in its brief which have attempted to place the burden on plaintiff to allege sufficient facts to show that section 1 of the Frauds Act does not apply to his cause of action. We remind defendant that it filed a section 2—619 motion to dismiss count I of plaintiff's complaint. It was therefore not attacking the sufficiency of count I of plaintiff's complaint pursuant to section 2—615 of the Code (Ill. Rev. Stat. 1991, ch. 110, par. 2—615), but was asserting that plaintiff's claim was barred by an affirmative matter, the Frauds Act. It was thus *defendant's* burden to show that plaintiff's claim was so barred. Both in the trial court and on appeal, defendant has confused matters by arguing the insufficiency of plaintiff's complaint as if it had filed a section 2—615 motion to dismiss count I of the complaint. These arguments are inapplicable to this cause and have not been considered beyond the recognition of their inadequacy.

As we have determined that plaintiff's complaint should not have been dismissed based upon the Frauds Act because plaintiff alleged that he performed all of his obligations under the oral agreement, we need not address plaintiff's alternative contentions that the Frauds Act did not bar his cause of action because of partial performance of the contract or because the contract was capable of being performed within one year.

■■ Plaintiff finally argues that count II of his complaint should not have been dismissed. It appears from the record that the trial court dismissed count II solely because count I had been dismissed and it determined that there was then no "need to proceed" with count II. It appears that no determination was made by the trial court regarding whether count II was sufficient to state a cause of action. As we have reversed the dismissal of count I, count II must then also be reinstated. We further note that we agree with plaintiff's argument that, if the trial court had determined that count II did not state a cause of action, plaintiff should have been allowed at least one opportunity to amend his complaint.

For the foregoing reasons, the judgment of the circuit court of Du Page County is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

INGLIS, P.J., and DUNN, J., concur.